POWER STATE BANK v. CARVER et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1912.)

TRIAL (§ 242*)—INSTRUCTIONS — MISLEADING INSTRUCTIONS.

In an action for the balance due under a contract to pasture cattle, in which plaintiff claimed that the agreement was that defendants should pay $2 per head for pasturing their cattle until April 1, 1910, while defendants testified that the agreement was that the pasturage for that period should be paid for at the rate of $2 a year, the court instructed that the burden was upon plaintiff to prove the contract as alleged, and that the parties agreed upon the contract as alleged; and if the jury failed to find that the minds of the parties did so meet, or if they found that the parties understood the terms of the agreement in different ways, they should find for defendants. *Held* that, in view of the issues, the instruction was misleading, in that the jury might have believed that the contract was as claimed by plaintiff, but that defendants understood it otherwise, and were therefore, under the instructions, entitled to a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

Error from District Court, Archer County; P. A. Martin, Judge.

Action by the Power State Bank against E. B. Carver and others. Judgment for plaintiff against defendant named and in favor of the other defendants, and plaintiff brings error. Reversed and remanded.

W. E. Forgy, of Archer City, and Montgomery & Britain, of Wichita Falls, for plaintiff in error. R. E. Taylor, H. A. Allen, and W. T. Allen, all of Henrietta, for defendants in error.

CONNER, C. J. This suit was instituted by the Power State Bank against E. B. Carver and the partnership of Huggins, Boddy & Neville, a firm composed of J. L. Huggins, H. Boddy, and F. P. Neville. The plaintiff alleged that the partnership and E. B. Carver, about October 1, 1909, made a verbal contract to the effect that Carver would pasture 1,499 head of cattle until April 1, 1910, for which said firm agreed to pay Carver $2 per head; that Carver complied with this contract, and about April 1, 1910, delivered said cattle to said firm, whereby they became indebted to him in the sum of $2,998, with interest at 6 per cent. per annum from April 1, 1910; that on March 1, 1910, said firm paid Carver $500, and on June 15, 1910, a further sum of $990, making a total payment of $1,490, leaving a balance of $1,529.62 remaining unpaid. The plaintiff further alleged that Carver had assigned the claim for said balance to plaintiff and guaranteed payment thereof, and the prayer was for judgment against all of the defendants.

The defendant Carver failed to answer; but the firm of Huggins, Boddy & Neville answered, among other things, by general denial, and specially admitted that they had contracted with Carver to pasture the cattle, but alleged the contract to be that they were to pay for pasturing said cattle at the rate of $2 per head per annum; that Carver had pastured the cattle for six months only; and that they had fully paid Carver all sums due. A trial upon the merits resulted in a verdict and judgment in favor of the plaintiff as against Carver, but against the plaintiff and in favor of Huggins, Boddy & Neville on their plea to the merits.

Among other things, error is assigned to the following paragraph of the court's charge, viz.: "You are instructed in this case that the burden rests upon the plaintiff to prove the contract between Carver and Huggins, Boddy & Neville as alleged, and that the minds of the parties met and agreed upon the contract as pleaded; and if you should fail to find that the minds of the parties did so meet and agree upon said contract, or if you should find that the parties understood the terms of the agreement in different ways, and that their minds did not so meet and agree upon said contract, then you will find for the defendants Huggins, Boddy & Neville."

We are of the opinion that the objection to this charge is well taken. The vital question in the case was, not whether the terms of the contract were understood in the same sense by all of the parties, as in the case of Hubbard City Cotton Oil & Gin Company v. Nicholls, 89 S. W. 795, but whether the contract actually made was as the plaintiff alleged it and as Carver testified that it was, or whether the contract in terms was as alleged by the defendants and as was supported by their testimony. The case was one of simple conflict in evidence; Carver specifically stating that the agreement was that the defendants were to pay him $2 per head for pasturing their cattle until April 1, 1910. The testimony of the defendants was in direct contradiction, and to the effect that the agreement was that the pasturage for that length of time was to be paid for at the rate of $2 per annum. The charge, therefore, relating to a meeting of the minds of the parties, however correct in the abstract, was misleading, in that the jury might have believed from the evidence that the contract in fact was as testified to by Carver, but that the defendants understood it otherwise, and were therefore, under the charge, entitled to the verdict.

The case of Bewick v. Butterfield, 60 Mich. 203, 26 N. W. 881, was one in which the plaintiffs sued to recover compensation for labor in running, together with their own, certain logs belonging to the defendant down the stream; the suit being based upon an alleged verbal contract, which, in turn, seems to have been founded, as here, upon certain conversations between the opposing parties. The court in that case gave a charge similar to the one under discussion, and in disposing of it say: "The remarks of the court in relation to the meeting of the minds of the parties in a contract between the parties was good law in the abstract, but might have been, and undoubtedly was, under the facts of this case, misleading. There was no pretense that the minds of the parties did not meet in some kind of an understanding. The whole controversy was as to what the defendant said. The defendant made some kind of a promise; Comstock recollected it to be one thing and defendant another. If the jury believed Comstock, Butterfield promised to pay for the running of the logs, if plaintiff did any work upon them; if they believed Butterfield, the contract was, in substance, to pay for the running of defendant's logs, if plaintiff did more work upon the mixed logs than defendants did; but from the language of the court the jury might easily have inferred that, because the parties recollected the promise differently, there was consequently no promise at all, as the minds of the parties did not meet in the remembrance of the talk." We think the language quoted from the Michigan decision applies here, and that the judgment must be reversed for the error noticed.

There is a further objection to the charge, on the ground that in its second paragraph the issue of contract was not submitted in the terms alleged; but, under the evidence, the criticism does not seem to be very substantial. However, it may be easily avoided on another trial, and we need not therefore discuss it.

Judgment reversed, and cause remanded.