(TAYLOR and Others *v.* HILLYER.)

If a promissory note, executed by a partner in the name of the firm, he for his individual debt, which is known to the payee,—it is not binding on the partnership.

A subsequent promise to pay such a note by the partner not bound by it, is within the statute of frauds, and does not bind him.

The admissions of a partner, made after a dissolution of the partnership, and not relating to the previous business of the firm, are not admissible as evidence to charge the other partners.

A promissory note, executed by a partner in the name of the firm,—he having previously retired from the partnership, and that fact being known to the payee,—does not bind the other partners.

It is error in the Court to refuse to give a particular instruction to the jury, if, in law, the party is entitled to it.

ERROR to the *Posey* Circuit Court.

STEVENS, J.—The material facts of this case are these:— *James Hillyer*, the defendant in error, brought an action of debt in the *Posey* Circuit Court against *William G. Taylor, Livingston G. Taylor, Heman B. Taylor, Joseph Fauntleroy, Butler Fauntleroy, Robert H. Fauntleroy, Warren W. Lewis*, and *Amos Clark*, merchants, trading under the firm of *Taylor, Fauntleroy & Co.*, and avers in his declaration, that on the 4th day of *February*, 1829, they, the said *Taylor, Fauntleroy & Co.*, made their promissory note to *James .H. Moore* and *John W. Casey*, merchants, trading under the firm of *Moore & Casey*, by which they, the said *Taylor, Fauntleroy & Co.*, for value received, promised to pay to *Moore & Casey*, one year after the date of said promissory note, the sum of 2,300 dollars with interest; and that afterwards, on the 21st day of *November*, 1829; before the said promissory note became due, and before anything was paid thereon, *Moore & Casey* assigned and transferred it to the said *James Hillyer*, of which they the makers had notice; concluding with the usual averments of non-payment.

To this action the defendants *Taylor, Fauntleroy & Co.* pleaded under oath the plea of *nil debet*, on which an issue was joined to the country, a jury trial had, and a verdict and judgment rendered for the plaintiff, for the amount of the face of the note, with interest.

It appears of record by a bill of exceptions, that the cause was tried upon the general issue, on the plea of *nil debet*, with

Nov. Term,
1834.

TAYLOR
v.
HILLYER.

an agreement between the parties, that all matters might be given in evidence under that general issue, which could have been specially pleaded. The whole of the evidence given on the trial, is also set out in a bill of exceptions, and made a part of the record, by which it appears that the defence set up by the defendants was, that the said promissory note for 2,300 dollars was given for the private and individual debt of the said *William G. Taylor*, who had recently been one of the said firm of *Taylor, Fauntleroy & Co.*, by the said *William G. Taylor*, without the knowledge or consent of the firm; and that the said *Moore & Casey* knew, at the time they took said note from said *William G. Taylor* in the name of the firm of *Taylor, Fauntleroy & Co.*, that the firm did not owe the money, and that the note was executed by said *Taylor* in the name of *Taylor, Fauntleroy & Co.*, without authority, and without the knowledge or consent of the firm, and was therefore obtained by fraud and collusion. It also appears of record, among the evidence taken and submitted to the jury, that some few days before the making of the said promissory note, the said *William G. Taylor* sold all his interest in the firm of *Taylor, Fauntleroy & Co.* to his son *Heman B. Taylor*, one of the members of the concern, and withdrew from the partnership. It is also shown of record by the bill of exceptions, that the plaintiff introduced evidence to prove that one, or perhaps two of the individuals, partners of the firm, did, some time after the making of said note, admit that the firm was liable to pay the note; and that one of those partners had once said he would pay if goods and merchandize would be received in payment.

It also appears of record by a bill of exceptions, that after the evidence was closed, and before the jury retired from the bar, the defendants asked the Court to instruct the jury, that an individual partner of a firm cannot bind his copartners, by a promissory note, except it be in a partnership transaction; and that if the jury should believe, that the note on which the suit was brought, was given by *Taylor* for his own individual debt, and that that fact was known to the payees at the time they procured the note, the verdict ought to be for the defendants; and, also, that the subsequent verbal promise of the one partner, to pay a note thus given by the other partner for his individual debt, is void under the statute of frauds; and, also, that the admissions of an individual partner of a firm, made

after the dissolution of the partnership, and not relating to the previous business of the firm, are not evidence to charge the other partners; and, also, if said *Taylor* who made the note in the name of the firm, was not at the time he made the note one of the members of the firm, and the payees at the time knew the fact of his having ceased to be a member of the partnership, the firm is not bound to pay the note.

The instructions being opposed by the counsel for the plaintiff, the Court refused to give them, and also refused to give any instructions whatever. To which refusal of the Court the defendants excepted.

It also appears of record by another bill of exceptions, that after the jury had returned their verdict into Court, and before final judgment was rendered thereon, the defendants moved the Court to set aside the verdict and grant them a new trial; because the verdict was contrary to law and evidence, and because the Court had erred in refusing to instruct the jury as asked. This motion was overruled, and a final judgment was rendered on the verdict; to which opinion of the Court in overruling the motion for a new trial the defendants also excepted.

Whether the evidence in this case sustains the verdict of the jury, is a question that we have not looked into. This opinion relates exclusively to the refusal of the Court to instruct the jury.

It is said by the Supreme Court of the *United States*, in the case of *Livingston et al.* v. *The Maryland Insurance Company*, 7 Cranch, 506, 544, that if in point of law a party is entitled to a particular instruction to the jury, and the Court refuses to give it, it is error; that the party has a right to a pointed and positive instruction, if it is required. And, again, in the case of *Etting* v. *The Bank of The United States*, 11 Wheat. 59, the Court says, that the inferior Court is not to be the sole judge whether instructions asked are relevant or not, but if the Court refuse to give the instructions on that account, the party may take his bill of exceptions, and if he can show that the instructions were relevant, it will avail him.

In the case now under consideration, the evidence clearly shows that the instructions asked as above noticed were relevant, and were some of the material points which the jury had to decide; and upon a view of the whole of the facts and

Nov. Term,
1834.

evidence disclosed by the record, we think that in point of law the party was entitled to the instructions asked, and that the Court erred in refusing them (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

    *S. Judah,* for the plaintiffs.

    *C. Dewey* and *C. I. Battell,* for the defendant.

(1) Vide *Yandes et al.* v. *Lefavour et al.* Vol. 2, of these Rep. 371, and note.