Parker, J.
 

 By the contract between the parties, the plaintiffs agreed that the hides received from the defendants should not only “ be tanned in a good and workmanlike manner,” but also that they should be “ made to gain in weight as much as good tanners make from the same description of hides.” The defendants allege that the plaintiffs failed to keep the latter part of this stipulation, and that the referees erred in not finding against the plaintiffs on that issue. However preponderating may be the weight of evidence against the finding of the referees on this point, and I think it was so, it is not a matter subj ect to ■ review in this court. It was a question of fact, and if it has been erroneously determined by the referees, the defendants can have no redress beyond the power of the supreme court to set aside the report as against the weight of evidence.
 

 
 *165
 
 The second point made by the defendants is that the referees erred in not giving legal effect to an account stated and settled between the parties, and in permitting the same to be opened without proof of fraud or mistake: and this presents properly a question of law for our decision: for whether on a given state of facts the transaction amounts to an account stated is a question of law and not of fact.
 
 (Toland
 
 v.
 
 Sprague,
 
 12
 
 Peters,
 
 330.) In accordance with the established custom of the defendants to make up the accounts between them and the plaintiffs on the first day of February in each year, and to transmit the same to the plaintiffs, an account between the parties was made up and sent to the plaintiffs by mail on or about the first day of February, 1847, showing a balance due to the plaintiffs from the defendants amounting to the sum of $5,623.41. In that account the plaintiffs were charged for deficiency in gain of weight on certain hides particularly referred to, the sum of $880.48. After receiving said account and on or about the 17th day of February, 1847, the plaintiffs drew upon the defendants at sight for the amount of the said balance shown by the account, without objection to any part thereof) and their draft for the same was duly paid by the said defendants. The matter thus rested till November, 1847, when the plaintiffs brought this action to recover the $880.48 charged in the account for the deficiency in weight.
 

 It is not necessary in order to make a stated account that it should be signed by the parties. It is sufficient if it has been examined and accepted by both parties. And this acceptance need not be express; but may be implied from circumstances. (1
 
 Story’s Eq. Jur.
 
 § 526.) Keeping it any length of time without objection binds the person to whom it is sent. (Willis
 
 v
 
 . Jernegan, 2
 
 Atk.
 
 251.) Between merchants at home, an account which has been presented and no objection made thereto after the lapse of several posts, is treated, under ordinary circumstances, as being by acquiescence a stated account.
 
 (Sherman
 
 v.
 
 Sherman,
 
 2
 
 Vern.
 
 276 ; 1
 
 Stor. Eq. Jur.
 
 § 526.) Between merchants in different countries a longer time is given,
 
 *166
 
 but if no objection be made, after several opportunities of writing have occurred, it is considered an acquiescence. (2
 
 Atk.
 
 252; 2
 
 Ves.
 
 239 ; 3
 
 John. Ch. R.
 
 560, 575; 7 Cranch, 147.) What is a reasonable time is to be judged of by the habits of business at home and abroad. (1
 
 Story's Eq. Jur.
 
 § 526.) The law was very fully stated by Collier, Ch. J. in
 
 Langdon
 
 v.
 
 Roane's Adm'r,
 
 (6
 
 Ala. R.
 
 518,) as follows :
 
 “
 
 It is said to be a general rule, that where an account is made up and rendered, he who receives it is bound to examine the same or to procure some one to examine it for him. If he admits it to be correct, it becomes a stated account and is binding on both parties the balance being the debt which may be sued for and recovered at law upon the basis of an
 
 insimul computassent," “
 
 So if, instead of an express admission of the correctness of the account, the party receiving it keeps the same by him and makes no objection within a reasonable time, his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account.
 
 (Philips
 
 v.
 
 Belden,
 
 2
 
 Edw. Ch.
 
 1.) In fact, the rule as laid down by the authorities would seem to be, that if one does not object to a stated account which has been furnished him, within a reasonable time, he shall be bound by it, unless be can show its incorrectness.
 
 (Murray
 
 v.
 
 Toland,
 
 3
 
 John Ch.
 
 569;
 
 Wilde
 
 v.
 
 Jenkins,
 
 4
 
 Paige,
 
 481.)” In stating the law as above extracted, the learned chief justice followed the decision in the case of
 
 Philips
 
 v.
 
 Belden,
 
 (2
 
 Edw. Ch.
 
 1,) where the same principles of law are clearly stated.
 

 If this case rested upon the question of reasonable notice, I cannot doubt but the lapse of nine months after the receiving of the account before the commencement of the action, there having been made in the mean time no objection or complaint, would have been abundant to authorize the legal inference of acquiescence ; particularly as the proximity of the parties to each other secured them a daily opportunity of communication by mail, and the nature of their business transactions must have brought the
 
 *167
 
 plaintiffs frequently during that time to the city, where the business of the defendants was transacted.
 

 But this case does not rest on mere inference or acquiescence from lapse of time. There is affirmative evidence of such acquiescence. Within a few days after the account was received by the plaintiffs they drew on the defendants for the balance stated; not a general draft in round figures, but a draft for $5623.41, the precise balance of the account as rendered. There being no other accounts between the parties, a draft in that form is as clearly indicative of an intention to draw the balance as such, as if. those terms had been inserted in the draft. Here is then affirmative and I think conclusive evidence that, with the account before them, in which among other items the deduction for loss of weight was particularly stated, the plaintiffs agreed to it as a stated account, by drawing for and receiving the precise balance admitted. We are not without authority in deducing such a legal assent from the act of the plaintiffs. This precise question arose in
 
 Toland
 
 v.
 
 Sprague,
 
 (12
 
 Peters,
 
 300-334,) and Mr. Justice Barbour, in giving the opinion of the court, said, “We agree that the mere rendering an account does not make it a stated one ; but that if the other party receives the account, admits the correctness of the items, claims the balance or offers to pay it, as it may be in his favor or against him, then it becomes a stated account. The plaintiff having received it, having made no complaint as to the items or the balance, but on the contrary, having claimed that balance, thereby adopted it and by his own act treated it as a stated account.”
 
 (See also Murray
 
 v.
 
 Toland,
 
 3
 
 John. Ch. R.
 
 569.)
 

 The transaction then being an account stated, is conclusive upon the parties unless the plaintiff affirmatively shows fraud or mistake. The law is stated in
 
 Philips
 
 v.
 
 Belden,
 
 (2
 
 Edw. Ch. R.
 
 1,) that if either party attempts to impeach 'the settlement and to open the accounts for re-examination, either wholly or in part, and which can only be done upon the ground of fraud, mistake or error, the burthen of proof rests upon the party impeaching, and he must prove the fraud or point out the error or
 
 *168
 
 mistake on which he relies. Here no fraud or mistake was pretended. It was merely an attempt to litigate an item once settled, without a shadow of pretence that there had been any thing unfair in the settlement, or any misapprehension in regard to it.
 

 It was well said by Chief Justice Marshall, in
 
 Chappelanie
 
 v.
 
 Dechenaux,
 
 (4 Cranch, 306,) where an attempt was made to open an account stated, “ No practice could he more dangerous than that of opening accounts which the parties themselves have adjusted, on suggestions supported by doubtful or by only probable testimony.”
 

 On the evidence before the referee, therefore, the defendants were entitled to judgment, and the judgment of the supreme court ought to he reversed and a new trial ordered.
 

 Johnson, J., also delivered an opinion for reversal.
 

 Gardiner, Ch. J., Denio and Edwards, Js., concurred.
 

 Ruggles, J., was in favor of affirmance.
 

 Judgment reversed.