## CHARLES W. PHELPS

*v.*

## HARLOW B. HUBBARD.

1. RECOVERY *on the common counts—or on special count.* In an action under the common counts to recover for work done by the plaintiff for the defendant, it appeared there was a special contract in writing for the performance of the work, and the work had been only partially completed. There was no abandonment of the contract by mutual consent, and no rescission thereof by any act of the defendant: *Held*, the rights of the plaintiff should be determined by the contract alone,—he could not recover under the common counts, the price of the work already performed.

2. Nor did the mere fact, that the parties had had an accounting, showing the amount due the plaintiff, and the expression of an intention on the part of defendant to send him some money, have the effect to authorize a recovery of that amount in such an action.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding.

Messrs. MULKEY, WALL & WHEELER, for the plaintiff in error.

Mr. WILLIAM J. ALLEN, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

A single point is presented in this case: whether, under the facts, the plaintiff can recover for the work performed, when there was a special contract in writing?

The declaration is in *indebitatus assumpsit,* and the proof shows that there was a written agreement under seal, between plaintiff in error of the one part, and defendant in error and one Adams of the other part, for the performance of the work.

After a partial performance, the parties had a settlement, as it was termed by plaintiff in error, and the result was as follows:

"Hubbard's indebtedness,    -    -    -    $3,754.87

Credited,    -    -    -    -    -    2,959.69

Amt. due Phelps,    -    -    -    $795.18

Phelps, the only witness, testified, that after the settlement he continued to haul logs ; that he had never completed the contract, and that there had not been any discharge, rescission or abandonment of it, by the acts or with the assent of the parties.

The court excluded the evidence from the jury.

This is assigned for error, and we have been referred to the cases of *Smith* v. *Gillett,* 50 Ill. 292, and *Ruggles* v. *Gatton,* ib. 412, in support of the position of counsel for plaintiff in error.

The only principle announced in those cases, which has any application to the case at bar, is, that it is error to exclude from the consideration of the jury any evidence which tends to prove the issue in the cause.

The proof in this case, did not tend to prove any indebtedness. The plaintiff below was the only witness, and he stated most explicitly that the work had been only partially performed, and that it was done under a special contract in writing, from which he had not been released.

The submission of this proof to the jury, for their deliberation, would have been a farce ; for a verdict in favor of the plaintiff, based upon it, would have been set aside.

But it is contended that, although there was a written contract, the parties accounted with each other concerning the amount due, and that there was a promise to pay it. In support of this position, counsel cite *Underhill* v. *Gaff,* 48 Ill. 199.

The analogy between the cases is not apparent.

In the case cited, the court held, that from the acts of the parties, it was to be inferred that the special contract was absolutely terminated.

In this case, the plaintiff did not, in his testimony, claim any termination of the contract. but stated that he was still bound to fulfill it, according to the original writing.

The assumed promise to pay the amount found to be due, consisted of the remark, on the part of the defendant in error, after the accounting, that he would send some money by

express to Phelps. This did not make a new contract, and did not end the old one.

The contract was not executed so that nothing remained to be done but to pay the money. There was no abandonment of it by mutual consent; no rescission by the act of the party charged to be in default.

The plaintiff in error could not, therefore, treat it as at an end, and recover for the price of the work performed.

The contract alone must determine his rights. 1 Chit. Plead. 355; 2 Greenlf. Ev. sec. 104; *Throop* v. *Sherwood,* 4 Gilm. 92; *Holmes* v. *Stummel,* 24 Ill. 370; *Walker* v. *Brown,* 28 Ill. 378.

The judgment of the court below must be affirmed.

*Judgment affirmed.*