ROBBINS *et al. v.* DOWNEY.

(*City Court of New York, General Term.*  November 16, 1891.)

ACCOUNT STATED—QUESTION FOR JURY.

 Where plaintiff testifies that an account was stated between the parties, on which his action is based, and defendant denies that the account was ever stated, the issue is one of fact, not of law, and is properly submitted to the jury.

Appeal from trial term.

Action by Frank W Robbins and another against Charles Downey.  Judgment was entered on the verdict of a jury for plaintiffs, and defendant appeals.  Judgment affirmed.

Argued before VAN WYCK and NEWBURGHER, JJ.

*Malcolm Campbell,* for appellant.  *Phillips & Avery,* for respondents.

VAN WYCK, J.  This action is for a balance due on an account stated. Both plaintiffs testify that an account was stated between them and the defendant, and that the balance sued for was found to be due them from de-

fendant, who had frequently admitted that such balance was so due and owing, and promised to pay the same, but failed to do so, although payment thereof had been demanded about 25 times, and that he never raised any objection to the balance as stated to him. The defendant testifies that no account had ever been stated between him and plaintiffs; that hence no balance had been found as due from him, and that no payment had been demanded, nor had he promised to so pay any sum to plaintiffs. Thus it became a disputed question of fact as to whether or not an account had been so stated and a balance found as so due; and hence all that defendant's counsel says about the decision of *Lockwood* v. *Thorne*, 11 N. Y. 170, holding that whether the transaction amounts to an account stated is a question of law, is inapplicable, for in that case it was merely held that certain undisputed facts rendered it a question of law whether an account had been stated in that case; but it is different in this case, for here the question as to whether an account was stated is sharply contested, and is clearly in dispute. The trial judge charged the jury that before a verdict could be rendered for the plaintiffs they must determine whether an account had been stated showing a balance due plaintiffs, which defendant had admitted as correct and promised to pay, as testified to by plaintiffs, and, if they should believe the testimony of the defendant, then that their verdict should be for him. The amendment of the complaint was within the discretion of the judge, and was properly allowed. The judgment is affirmed, with costs.