## H. F. MARTYN, APPELLANT, VS. J. E. AMOLD & CO., APPELLEES.

FAILURE TO ATTACH CAUSE OF ACTION TO DECLARATION NOT GROUND OF DEMURRER—ACCOUNT STATED—CONCLUSIVENESS OF—PROMISE TO PAY DEBT OF ANOTHER MUST BE IN WRITING—ACCOUNT RENDERED—WHEN BECOMES AN ACCOUNT STATED.

1. The failure of the plaintiff to attach a copy of his cause of action to his declaration, can not be taken advantage of by demurrer to such declaration. The defendant's remedy in such a case is to refuse to plead until such cause of action is filed.

2. Where an account made out against a firm is presented to one of the partners in such firm, and is agreed to by him as being correct in the amount it represents to be due, such agreement, while it might be binding jointly upon *the firm* as an account stated to it, can not operate as a release of the joint liability of the firm thereon so as to authorize a suit upon said account against the partner *individually* and alone to whom the same was presented.

3. A stated account never gives to a party claiming under it the benefit of an absolute estoppel. It establishes *prima facie* the correctness of the items, and unless this presumption is overcome by proof of fraud, mistake or error, it becomes conclusive; but that an account stated may be impeached for fraud, mistake or error, is well settled. The party impeaching it, however, has the affirmative of the issue and the burden of proof.

4. A party can not by verbally agreeing to the correctness of an account stated to him, and verbally promising to pay the same, legally bind himself to pay any items of indebtedness included therein that are due by another, and for which he is in no way responsible except through such verbal promise. But when

sued upon such account, as upon an account stated, he can show that items therein are the indebtedness of another for which he is not responsible; and as to such items the plaintiff can not recover unless he can show a promise *in writing* signed by the defendant to pay the same.

5. Where an account is made up and *rendered* by one person to another, he who receives it is bound to examine it and state his objections thereto, and if he does not object within a reasonable time it will be treated, under ordinary circumstances, as being presumptively, by acquiescence, a stated account; the presumption of the party's acquiescence from his silence depending in large measure for its force upon the circumstances of the case, whether the party is a man of business, considering the nature of his business and education, their local situation, customary dealings with each other, and other circumstances. What is a reasonable time within which the person to whom an account is rendered must object or become bound depends upon the relations of the parties and the usual course of business between them. The question of what is a reasonable time within which the party must object in such cases is one of *law for the court* to determine in every case, dependent, however, upon the facts proved, the latter to be passed upon by the jury. In such cases, therefore, it is proper always for the court to instruct the jury as to the law upon the several hypotheses of fact insisted upon by the parties in the premises.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Beggs & Palmer*, for Appellant.

*Hammond & McCallum*, for Appellees.

TAYLOR, J.:

The appellees, J. E. Amold and R. H. Taylor, as copartners under the firm name of J. E. Amold & Co., sued the appellant, H. F. Martyn, in assumpsit, in the Circuit Court of Orange county in the year 1891, and

recovered judgment for $461.15, from which the defendant below appeals.

The declaration in the cause is as follows: "And now come the plaintiffs, by Hammond & Jackson, their attorneys, and complain of the defendant of a plea of trespass on the case on promises: For that the defendant and one Charles Winegar were, on the 27th day of April, A. D. 1891, and prior thereto, indebted to the plaintiff in the sum of $444.57 for goods sold and delivered to them at their request, and upon an account then and there stated between them, and that the defendant, in settling accounts with the said Winegar then mutually due and owing each other, did make a statement whereby the plaintiffs were to look to the defendant for the amount aforesaid, which settlement was communicated to the plaintiffs by both of the said parties, and was agreed upon by the plaintiffs and the defendant, in consideration of the premises, then and there promised the plaintiffs to pay them the said sum upon request. Yet the defendant, though requested, has not paid the same or any part thereof to the plaintiffs, but refuses so to do, to the damage of the plaintiffs of nine hundred dollars, and, therefore, they bring suit."

The following statement was attached to the declaration as a copy of the cause of action:

H. F. Martyn                                Dr.

1891.   To J. E. Amold & Co.

May.   Promise to pay bill rendered on May 1st, 1891, to Winegar & Co., ................. $444.57

To this declaration the defendant demurred upon the sole ground that the plaintiffs had failed to file their cause of action, or a copy thereof, with the said declaration. This demurrer was overruled, and this ruling is the first error assigned. There was no error

here. This court has several times held that the copy of the cause of action required by the statute to be attached to the declaration is no part of such declaration, unless expressly made a part thereof by apt words, and that its absence is not the subject of a demurrer. McKay vs. Lane, 5 Fla. 268; Hooker vs. Gallagher, 6 Fla. 351. Where the plaintiff omits to file a copy of his cause of action with his declaration, the defendant's remedy is to refuse to plead until it is filed. Waterman vs. Mattair, 5 Fla. 211; Circuit Court Rule 14.

The defendant then interposed two pleas, as follows: 1st. That he never promised as alleged. 2nd. That he never was indebted as alleged. Upon both of which pleas issue was joined, and upon them the case was submitted to a jury.

At the trial one of the plaintiffs, J. E. Amold, testified that the firm of J. E. Amold & Co. was formed on March 18th, 1891. That he was manager for the firm of Taylor & Sabin since about May or June, 1890. That he knew C. M. Winegar and H. F. Martyn; they were partners. The latter part of this testimony was objected to by the defendant on the ground that there was no allegation in the declaration of any partnership between Winegar & Martyn. The objection was overruled and the ruling excepted to, and it is assigned as error. We do not think this evidence was admissable. The defendant Martyn was not sued as a partner of Winegar, in which event Winegar should have been joined as a defendant in the suit; neither was there any allegation in the declaration as to any partnership ever having existed between them; on the contrary, the declaration seems to studiously avoid any such allegation.

29

The same witness, on behalf of the plaintiffs, offered in evidence a statement of account made out against Chas. M. Winegar & Co., the first item of which was as follows: "April 1st, 1891, To mdse., as per bill rend., $409.42," following which are two credits of $75 and $50, cash paid April 4th and 17th, 1891. Then follows a long list of small items as debits, amounting in the aggregate to $160.15; which, added to the balance of the first item after deduction of the two cash payments, showed an apparent balance of · $444.57. To the introduction of this account in evidence the defendant objected on the ground that it was against the firm of Winegar & Co., and was not pertinent to any issue in the cause, and on the further ground that verbal promises on the part of the defendant to pay the debt of another were inadmissable. We think the objection was well taken. And we will, in connection with this assignment, take up another assignment of error that is germane thereto, viz: The defendant offered in evidence several statements of account rendered by Taylor & Sabin, of whom J. E. Amold & Co. were the successors and assignees, and by the latter firm also, that showed that all of the account upon which the defendant Martyn was sued, except $72 thereof, were items of indebtedness due by Winegar *individually* to Taylor & Sabin and their successors, J. E. Amold & Co., some time prior to the formation of any partnership connection between him and Martyn, but the court refused to permit them in evidence, to which ruling the defendant excepted. The suit is against Martyn individually and alone, and not against Winegar & Co., and yet it is upon an account against the firm of Chas. M. Winegar & Co., alleged to have been stated to and agreed upon by Martyn, shown by the proofs to be one of the members of that

firm.   As a member of the firm he may have, by his agreement to the correctness of the account, *bound the firm* of which he was a member; but, from the allegations of the declaration and the proofs offered, we can not see that he so bound himself by his acquiescence in the account stated as to have released his parner or to have changed his liability from that of a joint one with his partner Winegar to an individual liability resting on himself alone.   There is no allegation that the plaintiffs released, extinguished and gave up their claim as against the partner Winegar, or that Martyn novated the liability of his firm upon himself individually upon any consideration moving to him from either the plaintiffs, or Winegar, his partner.   Tysen & Co. vs. Somerville, 35 Fla. 219, 17 South. Rep. 567.   Neither is there any count in the declaration for any moneys alleged to have been had and received by the defendant Martyn for the use and benefit of the plaintiffs.   It was improper, therefore, to have permitted accounts in evidence, in a suit against Martyn individually, that upon their face showed they were against a firm in which he was not named even as a partner.   It was error also to refuse to permit the defendant to show that the major part of the claim sued for was the individual debt of a third party (Chas. M. Winegar) with which he had no connection, and that he could not legally bind or obligate himself to pay such debt of another in any other manner than by a writing signed by him.   Our statute (sec. 1, p. 208 McClellan's Digest, sec. 1995 Rev. Stat.) provides that "no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writ-

ing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized." The testimony of the plaintiff Amold in which he detailed *verbal* promises by the defendant Martyn, and by Allen as his agent, to pay that major portion of the claim sued for, that was at the time a debt due by Winegar individually, was a clear violation of this statute, as it was nothing more than an attempt to establish Martyn's liability to pay the debt of another by means of *verbal* promises to so pay. An *account stated* has been defined to be "an *agreement* between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." Zacarino vs. Pallotti, 40 Conn. 36. The plaintiffs by their declaration plant their right of recovery solely and entirely upon the agreement involved in the consent of the defendant to the correctness of the account stated between them and the defendant. They do not show that such agreement, or any memorandum thereof, was *in writing and signed by the defendant*, or by anyone by him authorized. In so far therefore, as such agreement undertook to answer for the debt of Winegar, a third person, and with which the defendant had no connection, it was void, unless in writing and signed by the defendant or by some one duly authorized for him; and it made no difference that such debt of another was included in and mixed up with an account stated with the defendant of transactions had with him and for which he was legally liable. Wagnon vs. Clay, 1 A. K. Marshall, 189; Taylor vs. Hillyer, 3 Blackf. 433, S. C. 26 Am. Dec. 430; Chace vs. Trafford, 116 Mass. 529, S. C. 17 Am. Rep. 171; Browne on the Statute of Frauds, sec. 164. As to the right of the defendant to have shown that the account claimed to have been stated with him and agreed to by him con-

tained items of indebtedness due by another and for which he could legally bind himself only in writing, see Porter vs. Lobach, 2 Bosw. (15 N. Y. Superior Court) 188; Lockwood vs. Thorne, 11 N. Y. 170, S. C. 62 Am. Dec. 81, and numerous cases cited in notes. In the leading case of Hutchingson vs. Market Bank of Troy, 48 Barb. 302, the court says: "A stated account never gives to a party claiming under it the benefit of an absolute estoppel. In practical effect it gives to him nothing more than these two advantages: (1) When the question arises upon the pleadings, the court has, in some instances, in granting permission to amend or reply, some equitable control over the power of opening accounts; (2) when the question arises upon the trial, the party impeaching the account has the affirmative of the issue, and the burthen of proof." The defendant, had the right to show, either by cross-examination of the plaintiff, or by any other legitimate mode of proof, that there was included in the plaintiff's account, claimed to have been stated to and agreed upon by him, items of indebtedness due by another for which he was not responsible, and for the payment of which he could only be made legitimately liable by some agreement in writing and signed by him. If it had been the intention of the plaintiffs to charge the defendant Martyn with liability for the amount sued for upon the ground that he (Martyn) had *received* it from Winegar in some settlement between them for the use and benefit of the plaintiffs, and for the purpose of being paid over to them for and on behalf of Winegar, then, as before stated, their declaration wholly fails in its allegations to present any such issue.

The fifth assignment of error was the overruling of the defendant's motion during the trial to strike out

an item of $409 from the account sued for after the plaintiff Amold had testified that the same was an account due to the firm of Taylor & Sabin by Winegar & Co., but had been assigned to plaintiffs by that firm, and because it was error to permit evidence as to the assignment of said claim to plaintiffs in the absence of any allegation as to such assignment. As already shown, the admission in this suit against Martyn individually of any account in evidence that exhibited upon its face that it was an account due by other persons not parties in the suit was improper, and from this standpoint the account of Taylor & Sabin, whether assigned or not to the plaintiffs, was improperly admitted.

The refusal of the following charge requested by defendant is also assigned as error: "In a case based upon an account stated, the plaintiff must show by a preponderance of testimony that the account claimed to have been stated was accepted by the defendant and agreed to by him as being correct, and that the de_fendant knew or was sufficiently acquainted with the items in the account as to be able so to agree thereto accordingly." There was no error in refusing this instruction. It does not state the law correctly. An account stated is not absolutely conclusive upon the parties. It establishes *prima facie* the accuracy and correctness of the items, and unless this presumption is overcome by proof of fraud, mistake or error, it becomes conclusive; but that an account stated may be impeached for fraud, mistake or error, is well-settled. See numerous cases cited in note to Lockwood vs. Thorne, *supra*, 62 Am. Dec. 91. The *burden of proof*, however, is upon the party impeaching the account stated to exhibit such fraud, mistake or error. Authorities *supra*. This charge not only requires the plaintiff to

prove the essentials requisite to bring his case within the rule of the account stated, but goes further and requires him to prove that the consent and agreement of the defendant to the correctness of the account was given *with knowledge* of the items comprising the account. We do not understand this to be the rule. The defendant's want of knowledge of the items might be the ground-work of mistake, upon his part, but it would be for him to show it, and not the plaintiff.

The refusal of the court to give the following charge requested by the defendant is also assigned as error: "That twenty days is a reasonable time within which to notify a party that an account is incorrect." There was no error in refusing this instruction. There is a well-settled doctrine that where an account is made up and *rendered* by one person to another, he who receives it is bound to examine it and state his objections thereto, and if he does not object within a reasonable time, it will be treated, under ordinary circumstances, as being presumptively, by acquiescence, a stated account; the presumption of the party's acquiescence from his silence depending in large measure for its force upon the circumstances of the case, whether the party is a man of business, considering the nature of his business and education, their local situation, customary dealings with each other, and other circumstances. What is a reasonable time within which the person to whom an account is rendered must object or become bound depends upon the relations of the parties and the usual course of business between them. Whether the question of what is a reasonable time within which to make such objections is one of law for the court, or of fact for the jury, the authorities are in conflict, but it has been settled here that the

question of what is a reasonable time is one *of law for the court* to determine in every case, dependent, however, upon the *facts* proved, the latter to be passed upon by the jury. Gordon vs. Estate of Simonton, 10 Fla. 179; Bacon vs. Green, 36 Fla. 313, 18 South. Rep. —-. In such cases, therefore, it is always proper for the court to instruct the jury as to the law upon the several hypotheses of facts in the premises insisted upon by the parties. See the cases cited in note to Lockwood vs. Thorne, *supra*, 62 Am. Dec. pp. 88, 89. The charge requested here was faulty because it transgressed the principles announced, besides being very indefinite and uncertain as to what proposition it intended to convey to the jury.

Although we have not considered them in their order, we have, in what has been said, disposed of all the questions raised by the assignments of error.

For the errors found, the judgment of the court below is reversed and a new trial awarded.