### Albert Pick & Company v. Edward Slimmer.

1. ACCOUNT STATED—*Not Conclusive.*—An account stated is not conclusive upon the parties but simply affords a *prima facie* case.

2. SAME—*Power of a Corporation to Make.*—The president and sec-

Albert Pick & Co. v. Slimmer.

retary of a corporation are presumed to have authority to make and render a statement of account.

3. PROPOSITIONS OF LAW—*Must Not be Propositions of Fact.*—It is not error to refuse to hold, as a proposed proposition of law, what is in reality a proposition of fact.

Assumpsit, on an account stated. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

STEIN & PLATT, attorneys for appellant.

Rendering the account in question while certain requirements of plaintiff's contract were unfulfilled would not constitute such an account stated as to afford ground for maintaining the suit in disregard of such requirements. Phelps v. Hubbard, 59 Ill. 79.

Even if the statement constituted an " account stated," such account would not be conclusive upon the plaintiff, but errors might be shown and corrected under the plea of general issue. 2 Greenleaf on Evidence (15th Ed.), Sec. 128; Thomas v. Hawks, 8 M. & W. 140; Bouslog v. Garrett 39 Ind. 338; Vanderveer v. Statesir, 39 N. J. L. 593; Field v. Knapp, 108 N. Y. 87.

And it is not necessary that this should be done by admitting the account stated and formally " surcharging " or " falsifying." The correctness of the items may be disputed under the general issue. McKinster v. Hitchcock, 19 Neb. 100; Hodge v. Boynton, 16 Ill. App. 524.

An account stated is not conclusive upon the parties but simply affords a *prima facie* case. The burden of proof is shifted but the correctness of items may still be attacked. Gruby v. Smith, 13 Ill. App. 43; McKinster v. Hitchcock, 19 Neb. 100; St. Louis Co. v. Bank, 8 Colo. 70.

Even when the circumstances are such that it would be improper to inquire into the items if the settlement of the account were admitted, yet it is proper to inquire as to the correctness of such items with a view to determining the probability of the respective claims where the rendering of the statement is disputed. Coffee v. Williams, 103 Cal. 550; S. C., 37 Pac. Rep. 504; Field v. Knapp, 108 N. Y. 87.

Ringer, Wilhartz & Lowenhaupt, attorneys for appellee.

An account stated is conclusive, and courts will not permit an inquiry into the origin thereof where some act has been done or forborne in consequence of the accounting, and relying upon it, which would put the party claiming the benefit of it in a worse position than as though it had not been had. Wharton v. Anderson, 28 Minn. 301.

There is some confusion in the books as to the precise effect of a stated account upon the rights of the parties, but we are inclined to the opinion that it is only *prima facie* evidence of the correctness of the balance, and not conclusive upon it, unless in arriving at the agreed balance there has been some concession made upon items disputed between the parties, so that the balance is the result of a compromise, or some act has been done or forborne in consequence of the accounting, and relying upon it, which would put the party claiming the benefit of it in a worse position than as though it had not been had, so as to bring the case within the principles of an estoppel *in pais*. A stated account, not affected by such new consideration or estoppel, may be impeached for mistake or error in law or in fact, with respect to the items included in it, or for omission of items. Perkins v. Hart, 11 Wheat. 237; Hardin v. Gordon, 2 Mason, 562; Thomas v. Hawks, 8 Mees. & W. 140; Wiggins v. Burkham, 10 Wall. 129; Lockwood. v. Thorne, 18 N. Y. 285; 1 Story Eq. Jur. 524; 2 Chitty on Contracts, 962; Warner v. Myrick, 16 Minn. 91; Wharton v. Anderson, 23 Minn. 301.

Where parties have settled and stated their accounts with one another, each is bound thereby, unless he can furnish clear proof of fraud or mistake. Neff v. Wooding, 83 Va. 432; Weed v. Dyer, 53 Ark. 155; Frankel v. Wathen, 58 Hun, 543; Ware v. Manning, 86 Ala. 238; Powell v. Heisler, 16 Oreg. 412; Hawley v. Harran, 79 Wis. 379; Moscowitz v. Lemp, Ar. 12 S. W. Rep. 781.

In action on a stated account, it is not necessary to prove the items of the original account, nor can they be inquired into or surcharged, except for some fraud, error or mistake, which must be set forth in the pleadings. Auzerais v. Naglee, 74 Cal. 60; Devecmon v. Shaw, 69 Md. 199.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action of assumpsit upon an alleged account stated made in settlement of services rendered by appellee to appellant.

The statement was in writing, and was prepared by the secretary of appellant and given to appellee. It is as follows:

"Albert Pick, Pres.               Abe Bloch, Sec'y & Treas.

STATEMENT.

Chicago, May 1, 1896.

M   Ed. Slimmer,

In account with Albert Pick & Co., successors to Pick
    Bloch & Joel, Importers, Jobbers and Dealers
            and Complete Outfitters of Bars,
                Hotels and Restaurants.

                    199, 201 & 203 Randolph St.

Telephone, Main 1885.

`Cr.....................................$3,000.
                        Dr.
Drawings.................$1,300.00
A. Lipman...............    63.75
                          ─────────
                                      $1,363.75
                                      ─────────
By balance due.......................$1,636.25
May 8th—By cash...................... 300.00
                                      ─────────
                                      $1,336.25

1896.   Payable as follows:
May 13................$200.00
June 8................ 378.75    Rec. $200 May 19, '96.
July 8................ 378.75    Rec. 100 July 6, '96.
Aug. 8................ 378.75    Rec. 200 Aug. 18, '96.
                     ─────────
                     $1,336.25

Appellee testified that it was given upon a settlement of accounts, and that the president of appellant promised to pay the balance therefrom appearing to be due to appellee,

the payments to be made by installments of the amounts, and at the times indicated upon the statement. In this appellee was corroborated by a Mr. Loser.

Appellant denied that the "statement" was anything more than a transcript from the ledger, and insisted that appellee should be charged with certain goods sold by him which had not been paid for, and also with certain goods charged to him upon the order of a third party.

Appellant sought to introduce evidence concerning what was said when appellee was hired as to uncollectible accounts for goods he might sell.

Upon the trial appellant desired to show the conversation had with appellee when the statement was made, that appellant had claims against appellee growing out of his contract of employment by it; also, what the terms of the contract under which appellee was hired were.

The president of appellant corporation testified that it had claims against appellee for goods sold and delivered, and also what such claims are. That these claims arose subsequent to the making of the statement did not appear; and appellant also wished to introduce evidence showing the terms under which appellee entered its service.

Such evidence was properly rejected.

Appellee's suit was upon an account stated, and upon nothing else. If there were no stating of an account, then appellee had no case.

What the terms of the hiring of appellee were, and what claims appellant had against him when the alleged statement was made, was immaterial.

If there were a statement and if appellee had produced it in evidence, it could be attacked only for fraud or mistake.

There was no attempt to show either fraud or mistake in the making of the alleged stated account.

An account stated is not conclusive upon the parties; it does afford a *prima facie* case. Gruby v. Smith, 13 Ill. App. 43; McKinster v. Hitchcock, 19 Neb. 100; St. Louis Co. v. Bank, 8 Colo. 70; Vandemeer v. Statesir, 39 N. J. Law, 593; Clarke v. Marbourg, 33 Kansas, 471.

The court held all the propositions of law submitted by appellant, except the following:

" That the declarations and statements alleged to have been rendered by various officers of the corporation to the plaintiff in this case would not constitute an account stated as between the plaintiff and the defendant corporation."

In refusing to hold this there was no error; it was not a proposition of law, but of fact.

The court found the issues for the plaintiff, and assessed the plaintiff's damages at the sum of eight hundred and thirty-six dollars and twenty-five cents.

The court thus, upon conflicting testimony, found that there was an account stated, as testified by appellee.

That when the account was stated the hiring and service of appellee had come to an end is undisputed. The case is, therefore, not like that of Phelps v. Hubbard, 59 Ill. 79, in which there had been only a partial performance.

The president and secretary of appellant are presumed to have had authority to make and render the statement in question.

The judgment of the Superior Court is affirmed.