(23 Misc. Rep. 340.)

### NEW YORK CAB CO., Limited, v. CROW.

(Supreme Court, Appellate Term.   April 27, 1898.)

ACCOUNT STATED—EVIDENCE.

While a prima facie case of an account stated may be made out by proof of mailing an account to the debtor showing the transactions had and a balance due, coupled with proof that after the lapse of a reasonable time no objection to the account was made, it is essential to show what the account was which was transmitted, and that it was duly forwarded to the debtor.

Appeal from Eighth district court.

Action by the New York Cab Company, Limited, against Moses R. Crow.   From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Franklin Bien, for appellant.

J. C. Devereaux, for respondent.

BEEKMAN, P. J.   This action was brought to recover upon an account stated.   The plaintiff, however, was unable to show that the particular account sued on, which was offered in evidence, had ever been presented to the defendant, or that any agreement to pay based on the rendition of such account had ever been made.   It was stated by one of the witnesses for the plaintiff that certain bills had been mailed to the defendant on the 1st and 15th days of every month, but there was no evidence in the case to show what such bills contained or how they were mailed.   It is true, where the creditor has mailed an account to his debtor showing the transactions had between them, and a balance due, that is ordinarily sufficient to make out a prima facie case of an account stated, if coupled with proof that, after the lapse of a reasonable time, no objection to the account was made.   The law then presumes that it has been received and examined by the debtor, and that he has acquiesced in its correctness.   Upon this an implied promise to pay the amount claimed arises.   Lockwood v. Thorne, 11 N. Y. 170; Stenton v. Jerome, 54 N. Y. 480.   The creditor, however, must show what the particular account was which he transmitted, and that it was duly forwarded to the debtor.   There is no competent proof in the case before us with respect to either of these essential elements. The plaintiff, therefore, failed to make out a cause of action against the defendant, and the motion made to dismiss the complaint on that ground should have been granted.   It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.