(31 Misc. Rep. 70.)

RISHEL et al. v. WEIL et al.

(Supreme Court, Appellate Term. March 16, 1900.)

1. SALES—ACTION FOR PRICE.
　　Where defendants in an action for the price of goods sold and delivered admit the sale and delivery of the goods and plead payment, a motion to dismiss the complaint at the close of plaintiffs' case is properly denied.
2. SAME—PLEADING.
　　A defense that an account was stated is an affirmative defense, and must be pleaded.

Appeal from city court of New York, general term.

Action by John K. Rishel and another against August Weil and others. From a judgment for plaintiffs (61 N. Y. Supp. 1112), defendants appeal. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Alexander & Colby, for appellants.
A. Kling, for respondents.

PER CURIAM. The defense contained in the answer was in effect an affirmative defense, namely, that of payment. Defendants having admitted, by their answer, the sale and delivery of the goods, and having pleaded payment, the motion to dismiss the complaint at the

close of plaintiffs' case was rightly denied. The fifth allegation in the complaint is simply a conclusion of law drawn from the third and fourth allegations of the complaint, and is unnecessary. The defendants requested the court to charge that a statement of account showing a balance due, accompanied by a check for that balance, if retained by the plaintiffs beyond a reasonable time without exception or disclaimer as to its correctness, became an account stated, and committed the person to whom such account was rendered to the correctness of the items therein contained. This the court refused to charge, and to this refusal the defendants duly excepted. The refusal of the court to charge as requested was not error, because there was no such defense set up in the answer. A defense of the kind suggested by the request is an affirmative defense, and must be pleaded. If it had been pleaded, plaintiffs then could have shown mistake or error in the account rendered. Lockwood v. Thorne, 11 N. Y. 170. Not having been apprised by the pleading of such a defense, plaintiffs were not bound to anticipate it.

The trial judge did not err in refusing the defendants' request to go to the jury on the question of the amount the defendants should have been credited with on the return of the Richardson goods. As between plaintiffs and defendants, the plaintiffs should be charged for the goods above mentioned only the sum that they had been allowed for them.

Judgment and order affirmed, with costs.