(82 Misc. Rep. 444.)

### CURTIS–BLAISDELL CO. v. LEDERER.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. SALES (§ 355*)—ACTION FOR PRICE—FAILURE OF PROOF.
　　A suit for coal sold and delivered was properly dismissed, where the sale and delivery were not proved.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

2. ACCOUNT STATED (§ 20*)—QUESTION FOR JURY.
　　On proof that daily bills had been sent to the defendant as each lot of coal was delivered, and that monthly bills were sent on the 1st of each month, one of them on June 1, 1912, the question of an account stated as of that date was for the jury.
　　[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 9, 40, 94, 95, 97–99; Dec. Dig. § 20.*]

3. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS—WHEN PROPER.
　　Where plaintiff sued on an account stated, the denial of knowledge or information sufficient to form a belief was not a denial of facts of which defendant's personal knowledge must necessarily be predicated, so that plaintiff was not entitled to judgment on the pleadings.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from City Court of New York, Trial Term.

Action by the Curtis-Blaisdell Company against George W. Lederer. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY and BIJUR, JJ.

William C. Relyea, of New York City, for appellant.
Franklin Bien, of New York City, for respondent.

BIJUR, J. [1] Plaintiff sued on what it calls two causes of action, one for coal sold and delivered, and the other on an account stat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed, June 1, 1912, for the same coal. The sale and delivery were not proved, so that the first cause of action was properly dismissed.

[2] As to the second cause of action plaintiff failed to prove an express promise to pay. It did prove, however, that daily bills had been sent to the defendant as each lot of coal was delivered, and that month-ly bills were sent on the 1st of each month, one of them on June 1, 1912. Plaintiff was erroneously prevented from proving that no objection had ever been made to these bills. Upon this state of facts, an account stated as of June 1, 1912, would have been made out, or at least the evidence would have warranted the submission of that issue to the jury. See Lockwood v. Thorne, 11 N. Y. 170, 62 Am. Dec. 81; Spellman v. Muehlfeld Piano Co., 166 N. Y. 245, 59 N. E. 817.

[3] Appellant has made a point which may arise on the new trial, and should therefore be disposed of. It moved at the opening for judgment on the second cause of action, on the ground that its plea of account stated had been denied by the defendant in the form of denial of knowledge of. information sufficient to form a belief, and that such denial, as to a matter which must have been within defendant's personal knowledge, was a sham, citing Kirschbaum v. Eschmann, 205 N. Y. 127, 132–133, 98 N. E. 328. It is evident, without further argument, from a recital of the facts upon which the inference of an account stated is based, that the allegation is not one of the character referred to in the Kirschbaum Case, of which personal knowledge on the part of the defendant must necessarily be predicated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.