The Knox Engineering Company, Defendant in Error, *vs.* The Rock Island Southern Railway Company, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. Practice—*what are not propositions of law.* Propositions which are in the nature of conclusions of fact to be drawn from the evidence and which require examining and weighing the evidence in order to determine whether the trial court erred in refusing them are not propositions of law within the meaning of section 61 of the Practice act.

2. Same—*extent to which Supreme Court may go in examining questions of fact.* In examining questions of fact in reviewing judgments of the Appellate Court in actions at law the Supreme Court can look into the evidence only to determine whether there is any evidence fairly tending to sustain the plaintiff's cause of action or the defendant's defense, provided the question has been preserved by a proper motion and ruling in the trial court.

3. Same—*when the refusal of propositions is proper.* In a trial by the court without a jury, if the propositions submitted to the court are intended to raise the question whether there is any evidence fairly tending to sustain the plaintiff's cause of action, and are so considered, their refusal is nevertheless proper, where the plaintiff's evidence, standing alone and uncontradicted, is clearly sufficient to support the judgment.

4. Same—*whether there was an account stated is a mixed question of law and fact.* Whether, in a suit at law, there was an account stated between the parties is a mixed question of law and fact, and the decision of the Appellate Court upon that question is binding upon the Supreme Court, where no propositions of law on that subject were submitted to the trial court to be held or refused.

5. Evidence—*when permitting a witness to answer question in improper form is not prejudicial.* Permitting a witness to state that the defendant never made any objection to the detailed state-

ments of account presented, instead of limiting the question and answer to what, if anything, was said by the defendant when the statements were presented, is not prejudicial.

CRAIG, J., dissenting.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.  •

QUIN O'BRIEN, (MUNSON T. CASE, of counsel,) for plaintiff in error.

HELMER, MOULTON, WHITMAN & WHITMAN, (FRANK A. HELMER, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Defendant in error brought an action in the municipal court of Chicago against plaintiff in error and upon a trial before the court without a jury recovered a judgment for $8824.14, and that judgment has been affirmed by the Appellate Court for the First District. The case comes to this court by *certiorari.* 

After several motions for a more specific statement of defendant in error's claim had been made and sustained, a statement was filed for services rendered, labor performed, money expended and material furnished at the special instance and request of plaintiff in error in and about the preparing of plans, specifications and acting as consulting engineer in connection with the building of a power station for plaintiff in error on Edwards river, near Preemption, Illinois, under alleged oral contracts dated September 15, 1909, September 21, 1909, and March 21, 1910, and upon an account stated by and between the parties covering all of the items for which claim was made, together with interest at the rate of five per cent from November 5, 1910. The statement of claim was accompanied by an itemized

statement which purported to give the various items of the account, the aggregate of which was $8824.14. Plaintiff in error filed an answer, which amounts to a general and specific denial of all of the items of defendant in error's claim.

At the conclusion of the trial before the court plaintiff in error submitted the following propositions to be held as propositions of law, all of which were refused by the court and exceptions preserved:

1. "That the evidence failed to show an account stated, as alleged in plaintiff's statement of claim.

2. "That plaintiff is not entitled to recover for any money expended by Mr. Baker, as set forth in the statement of claim.

3. "That plaintiff is not entitled to recover for any money alleged to be expended by Mr. Heskett, as set forth in said statement of claim.

4. "That plaintiff is not entitled to recover for any engineering done in the city of Chicago.

5. "That nothing more than a nominal amount could be recovered for drafting and blue-prints.

6. "That plaintiff could recover for engineering only for the time that plaintiff or its employees spent at the power plant in question and in going to and from said plant."

Section 61 of the Practice act provides that either party may submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write "refused" or "held," as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court. The statute also provides that the court shall find specially upon any material question or questions of fact which shall be submitted in writing by either party before the commencement of the argument. The propositions above set out were submitted as propositions of law and were not intended to require the court to find specially upon a material matter of fact. Plaintiff in error discusses the propositions as propositions

of law, and the exception preserved to the ruling of the court in refusing the same shows that the exception is based on the ground that the court refused to hold said propositions, or either of them, as the law of the case. All of the propositions submitted by plaintiff in error are in the nature of conclusions of fact to be drawn from the evidence. Such a proposition is not, strictly speaking, a proposition of law. In *Field* v. *Crawford*, 146 Ill. 136, a proposition was submitted and refused by the trial court, as follows: "Upon all the evidence in these cases the court holds, as a matter of law, that the defendant, Otto G. Schulenburg, was not a co-partner of Iram D. Crawford, and did not become liable as such at, or at any time after, the execution of the notes, or any of them, sued upon in such several actions now on trial." This court held that under section 42 of the old Practice act (which is the same as section 61 of the present Practice act, except that under the present Practice act the court may be required to find specially upon any material matter of fact, which provision was not in the old act,) the proposition submitted was properly refused, for the reason that it was a proposition of fact and not of law. In *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* v. *Reich,* 101 Ill. 157, this court held that a proposition that "under the evidence no recovery could be had" was properly refused as a proposition of law. It is apparent that if the propositions submitted by plaintiff in error be regarded as proper propositions of law, this court cannot determine whether the court properly refused them without examining and weighing the evidence, which, under the statute, we are not permitted to do. The limit to which this court may go in the examination of questions of fact in reviewing judgments of the Appellate Court in law cases is to look into the evidence to determine whether there is any testimony fairly tending to sustain the plaintiff's cause of action or the defendant's defense, where the trial court, by proper motion or instruction, has made a ruling upon a request

for a directed verdict. The right to preserve, as a question of law, whether there is any competent evidence tending to support the plaintiff's cause of action is a substantial right, and it would seem that in trials by the court without a jury the parties ought to have the right to preserve the question for review whether there is any competent evidence in the record tending to support the plaintiff's claim or the defendant's defense, and have a review of the action of the · trial court upon that question in the same manner and subject to the same rules that apply in trials before the jury. While the propositions submitted in this case were not intended to raise the question whether there was any evidence tending to support the defendant in error's cause of action, still, if they be regarded as properly raising that question, there was no error in refusing them, since defendant in error's testimony, standing alone and uncontradicted, is clearly sufficient to support the judgment.

Since plaintiff in error's so-called propositions are not propositions of law within the meaning of the Practice act as heretofore construed by this court, the case is here in the same situation as if it had been tried by the court and no propositions of law submitted. That being the status of the case, there is nothing before this court for review. We cannot consider any questions of fact, because they are all settled adversely to the contention of plaintiff in error by the judgment of the Appellate Court. We cannot consider questions of law, because, as we have sought to show, no written propositions to be held as law in the decision of the case were submitted to the trial court, in conformity to the Practice act. (*First Nat. Bank of Michigan City* v. *Haskell,* 124 Ill. 587; *Miller* v. *People,* 156 id. 113; *Swain* v. *First Nat. Bank,* 201 id. 416; *Jacobson* v. *Liverpool and London and Globe Ins. Co.* 231 id. 61.) ˙ Whether or not there was an account stated between the parties is a mixed question of law and fact, and the decision of the Appel-

late Court is binding upon this court on a question of that character.

Plaintiff in error makes the point that the court erred in its rulings on the admission of evidence. Defendant in error sought to prove by the witness Knox that it had furnished plaintiff in error detailed statements of the account sued on, and that plaintiff in error had received and retained such statements without any complaint or objections thereto. Upon this point the witness Knox was asked whether Mr. McCullough or Mr. Walsh, or any of the parties connected with plaintiff in error, had said anything by way of objecting to the bill rendered, or any portion of it. This question was objected to as calling for a conclusion, and the objection was overruled. The witness answered, "There had been absolutely no objection to our accounts that had been rendered." Counsel for plaintiff in error suggested that the witness did not understand the question and moved to strike out the answer. Thereupon the question was repeated, "What, if anything, had been said?" The court ruled that the answer already given was responsive and the witness was not required to answer further. Plaintiff in error insists that the court erred in permitting the question to be answered in this form. A better form of the question would have been to inquire, "What, if anything, did the plaintiff in error, or anyone representing it, say in reference to the accounts?" The only objectionable feature of the question asked is that it calls for a statement of the witness as to what was said by way of objecting to the bill, thereby permitting the witness to determine whether what was said, if anything, was in the nature of an objection to the bill. In view of the answer that there had been absolutely no objection to the accounts rendered we do not regard the slight error in the form of the question as prejudicial. Whether or not any objection had been made was a matter of fact which, if within the

knowledge of the witness, could be testified to. The truth of the statement could be tested by proper cross-examination.

Finding no error in the record the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting:

The basis of this suit was an alleged account stated between the parties thereto, and the judgment of the municipal court, which was affirmed by the Appellate Court, was rendered in favor of the defendant in error and against the plaintiff in error, not because the defendant in error had proved that it had rendered the services and furnished the items, and the value thereof, which went to make up its claim, but on the ground that it had rendered a bill or account for such services and items and plaintiff in error had made no objections thereto.

As stated in the foregoing opinion of the majority of the court, "whether or not there was an account stated between the parties is a mixed question of law and fact." The debtor, the Knox Engineering Company, apparently did have an account on its books against the plaintiff in error, the Rock Island Southern Railway Company. It did render an account. Whether the account so rendered was such an account as would properly form the basis for an action of account stated, and whether the action was properly such an action under the circumstances, are questions of law. The most that could be said in favor of defendant in error is, that had it rendered an itemized account and proved its acknowledgment as just and correct by the plaintiff in error and then sued on the identical account, it would have been entitled to recover the total amount of said account without proving the separate items thereof. That, however, was not done in this case. The principal items of account as first rendered were as follows: To plans and engineering for power station located on Edwards river, near Gilchrist, Illinois, $6550; to superintending work,

five and one-third months, $1069. There were other items which made up a total of $7855.24, which was the total amount of the first account rendered. A subsequent statement or account was rendered, in which the first item was the total above set out, or $7855.24, followed by charges made subsequent thereto. Subsequent accounts were rendered at later intervals, the first items of which were the sum total of the last previous account rendered, together with the charges made subsequent thereto. None of them tallied with the account finally filed with the last amended statement of claims, which totaled $8824.14, and upon which the final recovery was had. Under these circumstances, was the defendant in error entitled to recover the sum of $8824.14 for superintending the construction of a plant the total cost of which was $43,000, without proof of the various items which went to make up the account?

The propositions of law, whatever their form, were intended to raise the point that the defendant in error was not entitled to recover on an account stated, principally because the account rendered showed, on its face, that it was not the same account upon which the recovery was finally had. Whether on a given statement of facts the transaction constitutes a stated account is a question of law. (*Lockwood* v. *Thorne,* 11 N. Y. 170.) An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance. (1 Am. & Eng. Ency. of Law, 337, and cases cited; 1 Cyc. 364, and cases cited.) An account stated, where it exists at all, is the making of a new contract, and the proof must show that the minds of the parties met, that they both understood the transaction as a final adjustment, and struck on a definite, unconditional promise to pay that balance. This is the effect of the decisions of this court. (*Phelps*

v. *Hubbard,* 59 Ill. 79; *Niles* v. *Harmon,* 80 id. 396; *House* v. *Beak,* 141 id. 290.) In the foot-note in the case of *Lockwood* v. *Thorne, supra,* as reported in the American Decisions, (vol. 62, p. 81,) is a collection of cases bearing on this question. Manifestly, the defendant in error should not be allowed to recover in an action of account stated when the account was different from the one which had been rendered, except as to the final amount.

For these reasons I think the judgment of the Appellate Court should have been reversed and the cause remanded to the municipal court for a new trial, in which the defendant in error would have an opportunity to prove the extent and value of the services rendered and items furnished.