FIRST NATIONAL BANK OF FLORIDA, APPELLANT, VS. SAVANNAH, FLORIDA & WESTERN RAILWAY COMPANY AND JACKSONVILLE STREET RAILROAD COMPANY, APPELLEES.

1. The cause of action required to be filed with the declaration is to apprise the defendant of the nature and extent of the demand against him, in order that he may plead with greater certainty, and ordinarily constitutes no part of the declaration.

2. Where the declaration refers to a bill of particulars as being a part thereof, and in passing upon a demurrer to the declaration by the Circuit Court it was agreed upon the record that the bill of particulars should be treated as much a part of the declaration as if set out in full therein, the appellate court will consider the bill of particulars as a part of the declaration.

3. It is the duty of the court in construing a written instrument to give effect to every clause therein if it can be done consistently with the intention of the parties, and language in one clause should not be construed as superfluous merely because an implication of law arising from another clause would indicate that it was not necessary.

4. The Savannah, Florida & Western Railway Company and the Jacksonville Street Railroad Company entered into a written contract on the 19th day of December, 1889, with the First National Bank of Florida, to the effect that the companies on demand, after date, promised to pay to the order of the bank the sum of sixteen thousand dollars with interest at six *per cent. per annum*, in order to secure the bank for the sum of eight thousand dollars that it might pay for each of the said companies in honoring checks of a committee for constructing a viaduct in a street of the city of Jacksonville, it being understood, as expressed, in the agreement, that upon payment of the check the companies would reimburse the bank in from

184 SUPREME COURT.

First Nat. Bk. of Fla. v. S. F. & W. and J. St. Ry. Cos.—Statement.

two to ten days after payment: *Held*, That considering the entire agreement it did not import a promise to pay interest on the sums of money paid out by the bank from the date of the contract, but only from the times of payment.

Appeal from the Circuit Court for Duval county.

### STATEMENT.

Appellant was plaintiff, and appellees were defendants, in the Circuit Court. The declaration alleges plaintiff to be a corporation organized and doing business under the laws of the United States of America, and the defendants to be corporations doing business in the State of Florida; and that on the 19th day of December, 1889, in the county of Duval, and State of Florida, plaintiff and defendants entered into an agreement whereby the former agreed with the latter to guarantee to the city of Jacksonville the sum of $16,000 in case the same should become due, in equal parts from defendants, respectively, to the said city for the construction of a certain viaduct, and in consideration thereof defendants promised to pay on demand all such sums as should be paid by plaintiff in consequence of said guarantee, with interest at the rate of six *per cent. per annum* upon each payment so made by plaintiff from the said 19th day of December, 1889, to the date upon which defendants, or either of them, should reimburse plaintiff for such payments; that in pursuance of said contract plaintiff guaranteed in writing the payment to said city of $8,000 by each of the defendants upon account of the viaduct, and afterwards plaintiff paid the sum of $16,-000, in various sums, on the dates mentioned in the bill of particulars made a part of the declaration, upon its liability under said written guarantee, and although defendants have reimbursed plaintiff for the principal

of the money so paid, they have failed and refused to pay the interest upon the sums so advanced, at the rate of six *per cent.* from date of said contract to the date of reimbursements, respectively, to the damage of plaintiff in the sum of $2,500.

The declaration was demurred to, but before argument thereon additional counts were added by leave of the court, and the demurrer to the first count was applied to the entire declaration as amended. The first added count alleges that on the 19th day of December, 1889, defendants borrowed from plaintiff $16,000, and left same on deposit in the latter's bank, and in consideration of said loan defendants promised to repay said sum of money in such installments as should be drawn out upon the order of a committee for the construction of the viaduct on Commercial street in the city of Jacksonville, and upon demand, with interest at the rate of six *per cent. per annum* from the date of the loan to the date of repayment of each installment respectively. That afterwards plaintiff paid the sum of $16,000, in various sums on dates mentioned in bill of particulars made a part of the count, and that although defendants have reimbursed plaintiff for the principal of the money so paid out, they have refused to pay the interest upon the sums so drawn at the rate mentioned from the date of deposit to dates of reimbursement, respectively, to the damage of plaintiff $2,500. The second added count alleges that on the 19th day of December, 1889, plaintiff promised defendants to pay to the order of a committee for the construction of a viaduct on Commercial street in the city of Jacksonville, the sum of $16,000, in consideration whereof defendants promised to repay all such sums as such committee might draw, up to $16,000, and to pay plaintiff interest on the money so advanced

at six *per cent. per annum* upon sums drawn by said committee, to be computed upon the amount of each separate sum so drawn, from the 19th day of December, 1889, to the day of repayment by defendants to plaintiff. That afterwards plaintiff paid the sum of $16,000, in various sums, upon the checks or drafts of said committee, on dates mentioned in bill of particulars made a part of the count, and that although defendants have reimbursed the plaintiff for the principal of the money so paid, they have refused to pay the interest upon the sums so drawn by said committee from the 19th day of December, 1889, to the date of said reimbursements, respectively, to the damage of plaintiff $2,500. The third added count alleges that on the 19th day of December, 1889, plaintiff and defendants entered into an agreement whereby the former agreed with the latter to guarantee the payments of checks to the amount of $16,000 drawn from time to time by authority of certain persons named, the committee having charge of the construction of the viaduct on Commercial street in the city of Jacksonville, to become due in equal parts from defendants, respectively, for the construction of said viaduct, and in consideration thereof defendants, on the date mentioned, promised to pay on demand to the order of plaintiff the sum of $16,000, with interest at six *per cent. per annum*, and further to reimburse the plaintiff, upon the payment of said checks, in from two to ten days after such payment; that in pursuance of said contract, and in consideration thereof, plaintiff placed on, to-wit: the 19th day of December, 1889, the said sum to the credit of defendants, respectively, and guaranteed in writing the payment of checks aggregating $16,000, drawn from time to time by the authority of certain persons named as the committee

having charge of the construction of said viaduct, and being $8,000 for each of said defendants, on the said 19th day of December, 1889, and plaintiff paid the said sum of $16,000, and although defendants have reimbursed plaintiff for the principal of the money so paid on the dates mentioned in the bill of particulars made a part of the count, they have refused to pay the interest upon said sum of $16,000, or the amount standing to the credit of defendants from time to time as aforesaid, at the said rate mentioned, from the said 19th day of December, 1889, to the date of reimbursements, respectively, as mentioned in the bill of particulars, to plaintiff's damage $2,500.

The bill of particulars filed with the declaration consists of a statement of the computation of interest and a written agreement. The computation is as follows, viz:

Note dated December 19th, 1889, with 6 per cent. interest until paid.

| | | |
|---|---|---|
| Principal .......................$8,000 | | $8,000 |
| Add interest to October 14, 1890.. 400 | | 400 |
| | 8,400 | 8,400 |
| Less paid October $1,000, $566.66. | 1,566 66 | 1,566 66 |
| | 6,833 34 | 6,833 34 |
| Add interest to October 16, 1890.. | 2 88 | 2 88 |
| | 6,835 62 | 6,835 62 |
| Less paid to October 16, 1890.... | 125 98 | 125 98 |
| | 6,709 64 | 6,709 64 |
| Add interest to October 20, 1890.. | 4 47 | 4 47 |
| | 6,714 11 | 6,714 11 |

First Nat. Bk. of Fla. v. S. F. & W. and J. St. Ry. Cos.—Statement.

| | | |
|---|---|---|
| Less paid to October 20, 1890..... | 2,000 00 | 2,000 00 |
| | 4,714 11 | 4,714 11 |
| Add interest to October 23, '91 (90) | 2 36 | 2 36 |
| | 4,716 47 | 4,716 47 |
| Less paid...................... | 666 66 | 666 66 |
| | 4,049 81 | 4,049 81 |
| Add interest to October 29, '91 (90) | 4 05 | 4 05 |
| | 4,053 86 | 4,053 86 |
| Less paid to October 29th, '91 (90) | 24 78 | 24 78 |
| | 4,029 08 | 4,029 08 |
| Add interest to Feby. 14, 1891.... | 72 53 | 72 53 |
| | 4,101 61 | 4,101 61 |
| Less paid...................... | 3,528 50 | 3,528 50 |
| | 573 11 | 573 11 |
| Add interest to April 3, 1891...... | 4 08 | 4 08 |
| | 577 19 | 577 19 |
| Less paid to April 3, 1891........ | 87 42 | 87 42 |
| Amount now due................$ | 489 77 | $ 489 77 |

The agreement is dated December 19th, 1889, at Jacksonville, and reads as follows, *viz:* "On demand, after date, we promise to pay to the order of the First National Bank of Florida the sum of sixteen thousand dollars, with interest at six *per cent. per annum*, in order to secure them for the sum of $8,000 which they may pay for the Savannah, Florida & Western Railway Company, and $8,000 they may pay for the Jack-

JUNE TERM, 1895. 189

First Nat. Bk. of Fla. v. S. F. & W. and J. St. Ry. Cos.—Argument.

sonville Street Railway Company, in honoring the joint check of John C. L'Engle, John H. Stephens John N. C. Stockton, D. E. Maxwell, Chas. O. Parker and M. H. Motte, a committee for the construction of the viaduct on Commercial street, Jacksonville. It is further understood that upon the payment of said checks we will reimburse the bank in from two to ten days, after such payment by them." The agreement is signed by the Savannah, Florida & Western Railway Company, by its general manager, and by the Jacksonville Street Railway Company, by its president.

The declaration was demurred to on the following grounds: (1) Because the declaration shows that the suit was instituted to recover a consideration for a guarantee on the part of the First National Bank of Florida, and such an act upon the part of a National Bank is *ultra vires*, and compensation can not be recovered therefor. (2) Because the declaration shows that the terms of the guarantee have been complied with, so far as making whole the bank for all of its disbursements thereunder by payment of the sums paid out. (3) Because the declaration and causes of action attached thereto show no ground of action upon the part of the plaintiff. This demurrer was sustained, and plaintiff declining to further amend, a judgment was entered for defendants, from which an appeal was entered.

APPELLANT'S BRIEF.

*Fletcher & Wurts,* for Appellant.

The assignment of error in this case raises but two questions:

First. Whether the agreement on page 4 of the record imports a promise to pay interest from December 19th,

1889, or only from the dates upon which the bank might pay the checks.

Second. Whether a national bank can recover the consideration for an executed contract or guaranty.

### 1.

The cause of action promises to pay $16,000 on demand with interest which means interest from date. There is nothing in the agreement to vary the plain meaning of the foregoing terms except the words, "we will reimburse the bank in from two to ten days after such payment by them." The words, however, obviously have no relation to the recovery sought by appellant.

In order to be able to carry out a promise to pay out $16,000 whenever called upon it was necessary for the bank to keep in a position to do so from December 19, 1889,—that is to say, it was necessary for it to segregate that amount of its funds on that day. It would be rediculous to suppose that the bank would agree to carry its funds upon an unproductive deposit in order to reap the reward of six per cent. on the amount of each check from the date of honoring it until it was repaid (in from two to ten days). It is only by reference to some such supposed quixotic intention on the part of the bank that any such construction could be arrived at. The plain words furnished no such import.

### 2.

ULTRA VIRES—"A distinction lies between an executory contract and one executed in whole or in part, in regard to the effect of ultra vires in the substance of the agreement. An executory agreement neither party can enforce."

Where a contract is not malum in se and is not expressly prohibited by statute, the defense of ultra vires can never be set up for his own sake by a party

who has received benefit under the transaction, which he can not or does not give up." 2 Morse on Banks and Banking, sec. 730, 734. Fold Mining vs. Nat. Bank, 96 U. S. 640.

In the case now under consideration, the defendants received and accepted the bank's guaranty that the checks of their committee should be honored, and now they set up the defense of ultra vires to avoid paying the compensation promised for the guaranty.

Moreover, in view of the facts, the guaranty would seem to amount to nothing more than the certification of checks to a certain amount to be drawn against a special deposit. In this light the guaranty was not ultra vires. The use of the word checks shows that the parties contemplated a deposit.

The case is respectfully submitted for the appellant.

*John E. Hartridge,* for Appellees.

MABRY, C. J.:

Counsel for appellant say in their brief that but two questions arise on the assignment of error made: the first being whether the written agreement, found in the statement, imports a promise to pay interest from December 19th, 1889, or only from the date upon which the bank paid the checks; and the second is, whether a national bank can recover the consideration for an executed contract or guaranty. The case is presented here by both parties as if the bill of particulars, including the written agreement, was incorporated into and made a part of each count of the declaration. The record shows that the declaration was so presented and considered in the Circuit Court. The order sustaining the demurrer recites that the parties waived all questions as to misjoinder of parties defendant, and agreed

that the bill of particulars should be treated as part of the declaration as much as if set out in full therein.

The cause of action, or copy thereof, required by the statute to be filed with the declaration is to apprise the defendant of the nature and extent of the demand against him, in order that he may plead with greater certainty, and ordinarily such cause of action constitutes no part of the declaration. Waterman vs. Mattair, 5 Fla. 211; Robinson vs. Dibble, 17 Fla. 457; Wilson vs. Frienburg, 22 Fla. 114; Columbia County vs. Branch, 31 Fla. 62, 12 South. Rep. 650. Each count in the declaration before us refers to the bill of particulars as being made a part thereof, and assuming that a bill of particulars can in the way indicated become incorporated as a part of the declaration, and as it was presented to and considered by the Circuit Court in that light, we will so consider it here, though not committing ourselves to the approval of such practice.

The plaintiff sued only for interest, and the interest claimed under each count of the declaration is on sums of money paid by plaintiff to the viaduct committee on account of defendants from the date of the agreement, conceded to be the basis of the cause of action against them, until the times of repayment of the money to plaintiff. It is alleged that plaintiff paid the sum of $16,000, being $8,000 for each of the defendants, in various sums on the dates mentioned in the bill of particulars, and although defendants have reimbursed plaintiff for the principal of the money so paid, they have refused to pay the interest upon the sums so advanced from the date of the agreement to dates of reimbursement. It is not alleged that any time elapsed after payment by plaintiff of the sums mentioned in the bill of particulars before the refunding of the same by defendants, so that the demand of

the plaintiff, as shown by the declaration is for inter-
est on the sums paid out by it from the date of the
written agreement up to the times of payment. If de-
fendants are not liable for such interest under the terms
of the written agreement, then no cause of action is
disclosed by the declaration, considering the agreement
as incorporated therein as the only basis of liability
against defendants. Counsel for the bank concede
this to be the case, and hence the principal difference
between the parties is, whether the agreement imports
a promise to pay interest from its date, in December,
1889, or only from the dates upon which the bank paid
the checks of the viaduct committee. Our conclusion
is, that the written agreement mentioned contemplated
payment by the defendants to the plaintiff of such
sums of money as the latter might pay for the former,
not exceeding eight thousand dollars for each, in hon-
oring the checks of the committee for the construction
of the viaduct, and interest on the amounts so paid,
at the rate of six *per cent. per annum*, from dates of
payment until refunded, which was to be from two to
ten days after such payments. It may be conceded
that in the first clause in the agreement containing a
promise to pay, on demand, the sum of $16,000, with
interest at six *per cent. per annum*, stood alone, it
should be construed to be a promise to pay the sum
mentioned, with interest from the date of the agree-
ment. But there are other clauses in the agreement
that indicate, it seems to us, a purpose to pay interest
on the amounts paid out by plaintiff only from the
times of payment until the money was refunded. This
purpose is shown in the portion of the agreement stat-
ing that the promise to pay as above mentioned was in
order to secure plaintiff for the stated sums which it

13

might pay for defendants in honoring the checks of the viaduct committee, and the expressed understanding that plaintiff should be reimbursed in from two to ten days after such payments by it. It is the duty of the court to give effect to every clause of a written instrument, if it can be done consistently with the intention of the parties, and language should not be construed as superfluous merely because an implication of law arising from a previous clause would indicate that it was unnecessary. The written agreement is not so clearly expressed as it might have been, but considing all of its clauses, as we should do, and looking to the instrument alone, it appears that the defendant companies were to contribute money for the construction of a viaduct on Commercial street in Jacksonville, and arranged with the plaintiff bank to honor checks of the construction committee of the viaduct to the extent of $16,000, being $8,000 for each defendant. It is clearly expressed in the last clause of the agreement that the money to be paid out in honoring said checks was to be refunded to the bank in from two to ten days after the payments, and the promise contained in the first clause to pay, on demand, $16,000 with interest at the rate of six *per cent. per annum*, is expressed to be to secure the bank for the amounts which it might pay out in honoring said checks. The agreement itself does not show any contractual obligation on the part of the bank with the city of Jacksonville to pay money for defendants, but it is an agreement solely between the bank and defendants whereby the latter promises to pay to the former such sums, with interest at six *per cent. per annum*, not to exceed $16,000, as it might pay for defendants in honoring the checks of the viaduct committee. If, for any cause, the bank had failed to honor any such checks it could

have had no right, under the agreement, to demand any sums whatever from defendants. The agreement as an entirety fails to show, in our judgment, a promise to pay $16,000 and interest thereon, independent of the payment by the bank of such sum to the building committee on account of defendants, and it was only by making such payment that the bank had the right to demand reimbursement at the hands of the defendants. If this construction of the agreement be correct, and we think it so, the obligation to pay interest arises only after payment of money on account of the defendants to the viaduct committee. This view of the meaning of the contract is strengthened very much by the last clause expressing the understanding of the parties that upon the payment of the checks the bank was to be reimbursed in from two to ten days after such payments. The presumption, contended for by counsel for appellant, that the bank would not have agreed to honor the checks of the viaduct committee for the compensation fixed in the shape of the interest provided for, can not control the terms of the contract itself, and besides such presumption, if it could have any force here, may somewhat be overcome by the counter presumption, as insisted on by counsel for appellees, that defendants would not have agreed to pay interest on such sum of money before it was paid out on their joint account. But according to the terms of the entire instrument itself, we agree with the construction placed on it by the Circuit Court, that it does not import a promise to pay interest on the sums of money paid out from the date of the contract, but only from the times of payment.

This being the case, no cause of action is shown against defendants by the declaration as presented

here, and the judgment appealed from should, there-fore, be affirmed.   Order to be entered accordingly.