MARVIN BUTLER AND GEORGE BUTLER, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BUTLER BROTHERS, *Plaintiffs in Error,* v. MAX EDERHEIMER, DAVID A. STEIN, DAVID B. FALTER AND LOUIS H. KOHN, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF EDERHEIMER, STEIN & COMPANY, *Defendants in Error.*

1. In determining the meaning or purpose of the answer to an interrogatory propounded to a witness, the answer must be considered in connection with the interrogatory propounded.

2. The answer of a witness to an interrogatory propounded to him is material when it tends to prove the issue.

3. Where the bill of particulars attached to the declaration is general and does not state any particular articles sold to defendants by plaintiffs, and the defendants did not make any objections to the bill of particulars in the trial court, they will not be heard to raise objections thereto in the appellate court.

4. When the plaintiffs' evidence was confined to the bill of particulars and the order for goods put in evidence by plaintiffs did not tend to vary in proof the items in the bill of particulars, the extreme of technicality is not favored to raise a variance between the proof and the bill of particulars.

5. In an action for goods, wares and merchandise sold and delivered, it is not essential that the order for the goods be signed by the defendants, where the representative of the plaintiffs testified that the order is the original order received from the defendants; neither is the book account the best evidence, when the order produced by the plaintiff is the original order.

6. In an action for goods sold and delivered, where the original order as made by the defendants and offered in evidence by the plaintiffs set forth each item or garment of clothing, the size and price, although the names of the garments are abbreviated, but explainations thereof were not asked for by defendants and the knowledge of the witness was not sifted or tested in any way by cross-examination, the order for the goods was sufficiently specific, taken in connection with the testimony of the witness, to be read in evidence.

7. In an action for goods sold and delivered, the bills of lading showing the shipment of the goods were material and admissible evidence, tending to prove the issue and to corroborate the witness who testified that the goods ordered were shipped by these bills of lading.

8. The objections to answers to interrogatories propounded to a witness, "because proper showing has not been made upon which to predicate said answers, and that said answers are immaterial," are too general to be considered by the court.

35

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwanee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson,* for plaintiffs in error;

*Hardee & Butler,* for defendants in error.

PARKHILL, J.—The defendants in error, who for convenience will be called the "plaintiffs" elsewhere in this opinion, sued the plaintiffs in error in the circuit court for Suwanee county. There was judgment for the plaintiffs, and the defendants sued out writ of error.

The declaration was as follows: "Max Ederheimer, David A. Stein, David B. Falter and Louis H. Kohn, partners trading and doing business under the firm name and style of Ederheimer, Stein & Company sue, by Hardee & Butler their attorneys, Marvin Butler and George Butler of the said county and state, who are partners trading and doing business under the firm name and style of Butler Brothers, in an action of assumpsit: damages $550.00, for that whereas;

The defendants on, to-wit: the 13th day of December, A. D. 1906, were indebted to the plaintiffs in the sum of four hundred seventeen and no-100 ($417.00) dollars, for goods, wares, chattels and merchandise before that time sold and delivered to the defendants by the plaintiffs at the request of the defendants.

And in a like sum for work and services before that time done and performed and materials for the same

work furnished by the plaintiffs to the defendants at their request.

—3—

And in a like sum for money before that time paid and expended by the plaintiffs for the use of the defendants at their request.

—4—

And in a like sum for interest on divers sums of money before that time foreborn by the plaintiffs to the defendants at their request for divers spaces of time before and since said date elapsed.

—5—

And in a like sum for money found to be due the plaintiffs from the defendants upon an account then and there stated between them, and being so the defendants in consideration thereof then and there promised to pay the plaintiffs the said sums of money so due as aforesaid; yet the defendants though often requested by the plaintiffs have not paid the said several sums of money, or either of them or any part thereof, but refuses so to do although said account and sums of money are due the plaintiffs and unpaid to them. And the plaintiffs claim as their damages $550.00.

Hardee & Butler, Attorneys for Plaintiffs.

That with said declaration the plaintiffs filed the following as their cause of action, to-wit:

'Manufacturers
Ederheimer, Stein & Co.
Young Men's, Boy's, and Children's Clothing.
202-204-206 Jackson Boulevard,
Cor. Fifth Avenue.
Chicago, Feb. 12, 1907.

Butler Bros.
Live Oak, Fla.
Terms........
Bills not paid when due subject to sight draft without notice.

.................................................
.................................................

| | | | | |
|---|---|---|---|---|
| Aug. 27 | Nov. 7-10 | ............. | 258.00 | |
| 27 | Dec. 7-10 | ............. | 79.00 | |
| Sept. 22 | Nov. 7-10 | Do. ......... | 329.25 | |
| Oct. 9 | Dec. 7-10 | " ......... | 192.50 | |
| 9 | Nov. 7-10 | " ......... | 52.50 | |
| Nov. 1 | Dec. 7-10 | " ......... | 160.75 | |
| | | | | 1,072.00 |

| | | | | |
|---|---|---|---|---|
| Cr. | | | | |
| Nov. 30 | 8-27 | 12-1 ....... | 42.50 | |
| 30 | 10-9 | 12-1 ....... | 82.50 | 125.00 |
| | | | | 947.00 |

| | | | |
|---|---|---|---|
| Cr. | | | |
| Dec. 13 | Cash ............. | 500.00 | |
| 6 | Discount ............. | 30.00 | 530.00 |
| | | | 417.00" |

The defndants filed the following pleas: "Come now the defendants, by J. B. Johnson their attorney, and plead to plaintiffs' declaration, and for pleas to said declaration, and each of the five counts thereof, say:

That they never were indebted as alleged.

And for a second plea the defendants say: That before action they discharged and satisfied plaintiffs' claim by payment.

And for a third plea the defendants say: That at the time of the bringing of this suit by the plaintiffs that they, the defendants, were due and owing to said plaintiffs a balance due of $125.75; that before the bringing of this suit, to-wit: on the 21st day of January, 1907, they sent and tendered to the said plaintiffs the said balance due of $125.75 and that plaintiffs refused to accept same; wherefore plaintiffs pray judgment of this court as to whether they shall be made to pay any costs in this behalf. That defendants hereby tender to said plaintiffs the said balance due of $125.75 and in so doing do deposit same with this honorable court."

The plaintiffs joined issue on the first and second pleas, and for replication to the third plea said: "That they declined to accept the sum of $125.75 because said sum was not in full settlement of said indebtedness as the defendants in their said plea allege."

The case came on for trial. The plaintiffs to maintain the issues in their behalf read in evidence the depositions of one George H. Smith. The defendants offered no testimony. The court instructed the jury to find for the plaintiffs. The jury thereupon returned a verdict for $417.00 and interest from December 3rd, 1906, in favor of the plaintiffs. A motion for new trial was overruled, final judgment in favor of plaintiffs was entered, and defendants sued out writ of error.

The plaintiffs offered to read to the jury the third interrogatory propounded to the witness, Smith, and his answer thereto, as follows:

Q. 3. "Did plaintiffs in this cause during the summer and fall or either of the year 1906, receive from the defendants herein an order or orders for the shipment of clothing for $1,072.00?" A. 3 "They did. The order called for $1,075.00 of which $1,072.00 was ship-

ped.    Here is the original order." (Witness hands paper to commissioner, same marked plaintiffs' exhibit A.)

To the reading of the answer to interrogatory No. 3 and to the admission in evidence of said order marked exhibit "A" the defendants objected on the grounds: "First. Because said answer is too general to be considered as evidence, same not specifying any particular thing of value, not the aggregate value of any number of described articles, and because the same is not material to the issue.    Second. Because the book account is the best evidence of the articles and the value of each article sold, delivered and charged to the defendants."    The defendants further objected to the admission in evidence of exhibit "A" on the grounds: "First, because said pretended order does not state that any particular or recognized article was ordered.    Second, because said order is not signed by defendants, and same has not been proven or identified as an order given by defendants, and neither does said order name any article or merchandise sold and delivered.    Third, said pretended order is not a copy of, nor does it correspond with, the cause of action filed with the declaration."

The court overruled these objections.    This ruling of the court is made the basis of the first assignment of error.    The court committed no error in this ruling. The answer must be considered in connection with the interrogatory propounded.    So considered the answer distinctly stated the plaintiffs received from the defendants an order for clothing for $1,075.00, "of which $1,072.00 was shipped."    The answer of the witness was material because it tended to prove the issue.    The book account was not the best evidence, because the witness said that the order produced by him was the original order.    The order is a very long one.    It contains the following: "Ederheimer, Stein & Co., Chicago.    Sold to Butler Bros. Town Live Oak, State, Fla.    Shipped by freight." The date of order, the terms of sale etc., are given.

Then follow parallel columns of figures under the words: Lot. Quantity—Garment—Price. Then follows a column apparently setting forth, even to our untutored mind, the sizes of garments. We find such words in the order as these: "Coats to be 30 inch," etc. The order is too long to be set out here. ·The witness testified that the particular article ordered was clothing. The order as explained by the witness was intelligible. No objection was made to the competency of the witness to so explain the order. It was not essential that the order be signed by the defendants to be admissible in evidence. The witness testified that this original order was received from the defendants. It is not essential that the order be a copy of the bill of particulars. The order together with the testimony of the witness seems to correspond with the bill of particulars in so far as the value of the property sold is stated. The order does not purport to contain a statement of the amounts paid thereon by the defendants as shown by the bill of particulars. The credits shown by the bill of particulars are explained in other parts of the testimony of the witness. It is true, as argued, that the bill of particulars is general, and does not state any particular articles sold to defendants by plaintiffs. But defendants did not make any objections to the bill of particulars in the trial court. Even if there had been no bill of particulars filed with the declaration, the defendants could not complain of it after plea. Waterman v. Mattair, 5 Fla. 211. The plaintiffs' evidence was confined to the bill of particulars. The order for the goods introduced by the plaintiffs did not tend to vary in proof the items in the bill of particulars. The extreme of technicality is not favored to raise a variance between the proof and the bill of particulars. Bucki v. McKinnon, 37 Fla. 391, 20 South. Rep. 540.

The plaintiff offered to read in evidence interrogatory number 5 and the answer thereto, as follows:  Q. 5. "State whether or not the goods were shipped to defend-

ants and the amount of the shipments and if the terms of the order or orders were complied with." A. 5. "$1,072 worth was shipped. The terms of the order were complied with in every respect." To the reading of said answer the defendants objected, because "said answer is too general and indefinite to be taken as evidence." This objection is without merit. Counsel for plaintiff in error contend that "the proof must go to the items," that "this does not necessarily mean that each item must be proven separately, but we take it the items must be there and the account as a whole can then be proven."

We think the original order as made by the defendants and offered in evidence set forth each item or garment of clothing, the size and price. The name of the garments seem to be abbreviated, but the explanations thereof were not asked for by the defendants. The witness was not cross-examined by the defendants and the knowledge of the witness was not sifted or tested in any way. We think the order was sufficiently specific taken in connection with the testimony of the witness to be read in evidence.

The plaintiffs read in evidence the sixth interrogatory and answer thereto, as follows:

"Q. 6. If you say that the goods were shipped, please state how they were shipped and produce the bill of lading if you have the same in your possession.

(Commissioner will please file in evidence bill of lading if the same is produced and attach to answer marking same exhibit B.)

A. 6. Four shipments of these goods were made in all. On August 27, 1906; September 22, 1906; October 10, 1906, and November 1, 1906. The first three shipments were made via the Chicago & Eastern Illinois Railroad Company. The last shipment was via the Adams Express Company. I have the receipts of the railroad company for the first three shipments. I

could not find the Express Company's receipt for the last shipment. The last shipment of November 1, 1906. We hunted diligently in our file, 'n the shipping room and in all places where it would likely be, for the express company's receipt for the shipment of November 1, 1906, and could not find it. Apparently it has been lost. .The shipment of August 27, 1906, contained $337.00 worth of goods; the shipment of September 22, 1906, $329.25 worth; the shipment of October 9, 1906, $245.00 worth and the shipment of November 1, 1906. $160.75 worth.

(Witness hands commissioner three papers which are marked respectively plaintiffs' exhibits B, C and D, with the initials of the commissioner of this date and attached to and made a part of this deposition.")

To the reading of said bills of lading the defendants objected, because "said bills of lading do not show that they are for any particular and described goods and merchandise and because same. are not material to. the issue." These objections are without merit. The witness testified that the goods *ordered* were shipped by these bills of lading. The shipments correspond with the bill of particulars. These bills of lading were material because they tended to corroborate the witness and to prove the issue.

The plaintiffs offered to read in evidence answers to interrogatories 9, 10, 11, but defendants objected, because proper showing has not been made upon which to predicate said answers, and that said answers are immaterial." The court overruled said objections and this ruling by the court is assigned as error.

Interrogatories 9, 10 and 11 and the answers thereto are as follows:

"Q. 9. Have the defendants returned to. you any other shipments of goods; if so have you received them?

A. Butler Bros. advised us in letter bearing date the 29th of December, 1906, that they had returned to

us a shipment of goods amounting to $321.25, but this shipment we declined to receive and have not received it. We filled the order of Butler Bros. just as it was placed with us and therefore did not feel under obligations to accept the goods which they sought to return. The letter of December 29, 1906, which I refer to has been sent to our attorneys in this case at Live Oak, Florida.

Q. 10. Are there any other credits which should be allowed against the original amount of $1,072.00; if so what are such credits and what is the amount so credited?

A. 10. Yes, we allowed a discount of $30.00 and we also credited Butler Bros. with their check in the sum of $500.00 which was sent us. These credits were made against the original sum of $1,072.00. Later on we received their check for $125.75, with advice from them that it was in full settlement of the account together with the goods which they attempted to return, that is the bill of goods amounting to $321.25, of which I have just testified that we would not accept. This check of $125.75 we returned to Butler Bros. as it was not in full settlement of account.

Q. 11. Deducting the credits of $500.00 and $30.00 which I have just testified to, Butler Bros. now owe the firm of Ederheimer, Stein & Company the sum of $417.00 and the interest thereon from December 3, 1906.

Q. 12. Please state any other matter or thing that is material to this issue."

The court did not err in overruling the objection made by defendants to said answers. The objection was too general. We can not tell from the objection wherein a *"proper showing"* had not been made upon which to predicate said answers. The trial court could not tell, from the nature of the objection, what was in counsel's mind when he made this objection. Plaintiffs in error contend, in their brief here, that the "proper showing"

had not been made because plaintiffs failed to prove their account by items. We have disposed of that contention. We think the answers are material.

The defendants offered no testimony, and the court instructed the jury to find for the plaintiffs. This direction by the court is assigned as error. All the contentions made and questions raised under this assignment have been considered and disposed of in our discussion of the other assignments of error. We think the testimony on part of the plaintiffs was sufficient to authorize the court to give the affirmative charge. The defendants offered no denial, no testimony.

Finding no error, the judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.