THE STATE OF FLORIDA, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILWAY, A CORPORATION, *Defendant in Error*.

1. The object of Section 1449 of the General Statutes of 1906 and Rule 14 of Circuit Court Rules in Common Law Actions in requiring the cause of action, or a copy thereof, in the class of instruments designated therein, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged against him, in order that he may plead thereto with greater certainty. Ordinarily such cause of action forms no part of the declaration and cannot be reached by demurrer, and neither can the failure of the plaintiff to file the same be taken advantage of by demurrer.

2. By apt words the cause of action, or a copy thereof, filed with the declaration can be made a part of the same, and, when both parties to the action, as well as the court below, have treated the cause of action as being properly a part of the declaration which can be reached by demurrer, an appellate court may likewise so treat it, but, in such a case, a demurrer interposed to the declaration must be considered as being addressed to the entire declaration, of which such cause of action forms a part.

3. Where allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such alle-

gations neutralize each other, and the declaration will be held bad on demurrer. A like result must necessarily follow if the allegations or statements contained in the cause of action, which is made a part of the declaration by apt words, are repugnant to and inconsistent with the allegations in the declaration.

4. Neither Section 1449 of the General Statutes of 1906 nor Rule 14 of Circuit Court Rules in Common Law Actions require the cause of action attached to a declaration to be full and complete within itself, independent of the declaration. If, however, the defendant conceives that the cause of action so filed is not sufficiently full, certain and complete to enable it to plead with greater certainty to the declaration, it should move the court for an order requiring a more definite cause of action or bill of particulars. By failing to take this step before pleading and by interposing a demurrer to the declaration the defendant will be deemed to have waived any such defect, even if the same existed.

5. The proof offered by the plaintiff must be confined to the bill of particulars or cause of action and it would not be permitted to introduce evidence which varied or contradicted the same, but this principle relates to matters of proof—not of pleading—and is not available in support of a demurrer.

6. Even if a finding, order, judgment, quasi-judgment, or by whatsoever name it may be designated, of the Railroad Commissioners imposing a penalty upon a railroad company for violation of one of the rules adopted by such commissioners, should be held to properly fall within the class of instruments designated by the statute and rule as being required to be filed with the declaration as a cause of action, yet such an order, being at least in the nature of a judgment, may be construed and aided by the entire record in the case, though it would be more convenient as well as better in other respects that such an order should be so complete within itself that there would be no necessity for resorting to the record in the case in order to determine its validity, meaning and effect.

7. In an action instituted by the State against a railroad company to recover a penalty imposed by the Railroad Commissioners against such company for the violation of one of the rules

governing the transportation of freight, adopted by such commissioners, a declaration which distinctly, clearly and positively alleges that the defendant company operates a railway from a certain designated point in Florida to another designated point in such State and refused to transport certain freight which was offered it at such first designated point to the second point so designated, in violation of a certain designated rule so adopted by such commissioners, is not demurrable by reason of the fact that the order of the commissioners imposing such penalty, a copy of which is attached to and by apt words made a part of the declaration, fails to designate the point of destination to which the offered freight was to be transported. The failure of such order to show the point of destination is cured by a proper allegation in the declaration.

8. A demurrer to a declaration containing only one count must be considered as applying to the declaration as an entirety, not to fragmentary portions of it, or to the attached copy of the cause of action alone, even though the same by apt words has been made a part of the declaration.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Orange county.

## *Statement.*

This is an action brought by the Railroad Commissioners in the name of the State of Florida against the Seaboard Air Line Railway, a corporation, in the Circuit Court for Orange County, to recover a penalty of $1,000 imposed by such Railroad Commissioners upon the defendant for the violation of Freight Rule 3 of the commissioners. The declaration is as follows:

"The State of Florida, by Louis C. Massey, Special Counsel for the Railroad Commissioners of the said State, directed by them to sue in this behalf, sues the Seaboard Air Line Railway, a corporation under the laws of the State of Virginia:

For that the defendant is and was prior to the institution of this action and on the days and occasions hereinafter alleged, a railroad company and a common carrier, operating a railway for the transportation of goods from points in Florida to points in Florida, and among other points, from Abbott, Florida, to Jacksonville, Florida, and running into and doing business in Orange county aforesaid, and was charged before the Railroad Commissioners of the State of Florida with having by its officers, agents and employees violated and disregarded the provisions of Chapter 4700 of the Laws of Florida (Now Division 4, Title 4, Chapter 5 of the General Statutes of the said State), and Rule 3 of the Rules Governing the Transportation of Freight, adopted by the Railroad Commissioners aforesaid and in effect at the time of the said violation, which said rule is as follows:

'No railroad company shall decline or refuse to act as a common carrier to transport any article proper for transportation, and a failure to transport such article within a reasonable time, after the same has been offered for transportation shall be deemed a violation of this rule.'

In this, that, as alleged in said charge, the defendant, on to-wit: January 10, A. D. 1907, and on divers days preceding said date, declined and refused to act as a common carrier to transport from Abbott aforesaid to Jacksonville aforesaid, certain lumber, which the plaintiff alleges was proper for transportation, offered to the defendant at Abbott aforesaid by H. A. Brown and W. D. Brown, doing business under the firm name and style of The Brown Lumber Company, for transportation to Jacksonville aforesaid; and after ten days' notice to the defendant of the charge of said violation and disregard

State v. S. A. L. Railway.—Statement of Case.

of said law and rule, upon which charge the defendant had an opportunity to be heard and was heard by the Railroad Commissioners aforesaid, they, the said Railroad Commissioners, on April 10, A. D. 1907, having in accordance with law duly tried the defendant on said charge, adjudged the defendant guilty of a violation of said Rule 3, and in accordance with law duly fixed and imposed a penalty for said offense on the defendant in the sum of One Thousand Dollars, a copy of which said judgment and order is hereto attached and made a part hereof.

And the plaintiff avers that by reason of the premises the defendant became liable to pay promptly to the State Treasurer of the State of Florida the said sum of one thousand dollars with interest thereon from April 10, 1907; yet the defendant has not paid the same or any part thereof, but neglects and refuses so to do to the damage of the plaintiff.

And the plaintiff claims $1500.00.

> (Signed)    LOUIS C. MASSEY,
> *Special Counsel for the Railroad Commissioners of the State of Florida.'*

ORDER NO. 159.

> Office of the Railroad Commissioners of the State of Florida.

In the Matter of Charges Preferred by The Brown Lumber Company Against the Seaboard Air Line Railway for Violating Rule No. 3 of the 'Rules Governing the Transportation of Freight' Prescribed by the Railroad Commissioners of the State of Florida Under Chapter 4700 Laws of Florida.

Whereas, charges were made before the Railroad Commissioners of the State of Florida by H. A. Brown

and W. D. Brown, doing business under the firm name and style of The Brown Lumber Company, that the Seaboard Air Line Railway, a railroad corporation, by its officers, agents and employees, did on the 10th day of January, A. D. 1907, and on divers days preceding said date decline and refuse to act as a common carrier to transport certain lumber from Abbott, Florida, a station on the said railway in Florida, offered to the said railroad corporation by the said The Brown Lumber Company for transportation; whereby and by such declination and refusal by the said railroad corporation to act as a common carrier the said railroad corporation violated and disregarded Chapter 4700 of the laws of Florida and Rule No. 3 of the 'Rules Governing the Transportation of Freight,' as prescribed by the Railroad Commissioners of the State of Florida, which rule is as follows:

'No railroad company shall decline or refuse to act as a common carrier to transport any article proper for transportation and a failure to transport such article within a reasonable time after the same has been offered for transportation shall be deemed a violation of this rule.'

Whereas, ten days' notice of the said charges and of said violation and disregard of said law and said rule by the said railroad corporation was given to the Seaboard Air Line Railway by the said Railroad Commissioners aforesaid and after the expiration of said ten days' notice the said Seaboard Air Line Railway were heard by the said Railroad Commissioners upon said charges, and after having heard the said Seaboard Air Line Railway upon said charges the said Railroad Commissioners determined and found that the said Seaboard Air Line Railway, a railroad corporation, did on the said 10th day of January, A. D. 1907, violate and dis-

State v. S. A. L. Railway.—Statement of Case.

regard said Rule 3 as prescribed by the said Railroad Commissioners, by then and there declining and refusing to act as a common carrier to transport lumber from Abbott, Florida, a station on the line of said railway, which said lumber was duly offered by the said The Brown Lumber Company to the Seaboard Air Line Railway for transportation.

Now, therefore, the Railroad Commissioners of the State of Florida, do hereby find and adjudge that the Seaboard Air Line Railway has been guilty of a violation of Rule No. 3 of the Rules Governing the Transportation of Freight' as prescribed by the Railroad Commissioners of the State of Florida, and by such violation has incurred a penalty, which is hereby fixed and imposed at the sum of one thousand dollars ($1,000.00) and the said Railroad Commissioners order and adjudge that you, the Seaboard Air Line Railway, a railroad corporation, for your said offense do pay promptly the sum of one thousand dollars ($1,000.00) to the State Treasurer of the State of Florida.

Done and ordered by the Railroad Commissioners of the State of Florida, in session at their office in the City of Tallahassee, Florida, this the 10th day of April, A. D. 1907.

(Signed)    R. HUDSON BURR, *Chairman.*

Attest:

R. C. DUNN, *Secretary.*

STATE OF FLORIDA,    )
COUNTY OF LEON.    )

I, R. Hudson Burr, Chairman of the Board of Railroad Commissioners of the State of Florida, do hereby certify that the foregoing is a true copy of the entry in the Minute Book of the said commissioners of the order

fixing and imposing the penalty in the matter of the charges therein referred to and preferred by The Brown Lumber Company against the Seaboard Air Line Railway.

Witness my hand as Chairman aforesaid at the office of the said Railroad Commissioners in the City of Tallahassee, Florida, this 4th day of October, A. D. 1907.

(Signed)      ·      R. HUDSON BURR,

> *Chairman of the Board of Railroad Commissioners of the State of Florida."*

To this declaration the defendant interposed a demurrer, in which the matters of law intended to be argued were extended over forty-five grounds. In view, however, of the conclusion reached, we see no occasion for setting forth the different grounds, as it will not be necessary to discuss them in detail. Suffice it to say that they question the sufficiency of the declaration and the order of the railroad commission, attack the validity of some of the provisions of the Railroad Commission Act, and question the powers of the commission under such act, especially the validity of Freight Rule 3. The demurrer was sustained by the court, and, the plaintiff declining to amend, final judgment was entered for the defendant, which judgment the plaintiff seeks to have reviewed here by writ of error, assigning as errors the sustaining of the demurrer and the entry of final judgment.

*L. C. Massey,* for plaintiff in error.

*Geo. P. Raney, W. E. Kay, Sparkman & Carter and Blount & Blount & Carter,* for defendant in error.

SHACKLEFORD, C. J.—(*After stating the facts.*)—We assume that the cause of action in this case is among those designated by Section 1449 of the General Statutes of Florida of 1906, and Rule 14 of Circuit Court Rules in Common Law Actions, which provide that certain instruments designated therein, or a copy thereof, shall be filed with the declaration, as it has been so treated by both parties and the court below. But see Sammis v. Wightman, 31 Fla. 10, text 31, 12 South. Rep. 526, text 532. It has been uniformly held by this court that the object of this statute and rule in requiring the cause of action, or a copy thereof, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged, in order that he may plead thereto with greater certainty. Ordinarily it forms no part of the declaration and cannot be reached by demurrer, and neither can the failure of the plaintiff to file the same be taken advantage of by demurrer. If no such cause of action or bill of particulars be filed, or if the same be filed but is insufficient or defective, by pleading to the declaration the defendant will be deemed to have waived such omission or defect. See Waterman v. Mattair, 5 Fla. 211; McKay v. Lane, 5 Fla. 268; Barbee v. Plank R. Co., 6 Fla. 262; Hooker v. Gallagher, 6 Fla. 351; Robinson v. Dibble, 17 Fla. 457; Wilson v. Fridenberg, 22 Fla. 114, text 152; Stephens v. Bradley, 24 Fla. 201, text 205, 3 South. Rep. 415, text 417; Columbia County v. Branch, 31 Fla. 62, text 69, 12 South. Rep. 650, text 652; First National Bank of Fla. v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345; Martyn v. Arnold, 36 Fla. 446, 18 South. Rep. 791; Muller v. Ocala F. & M. Works, 49 Fla. 189, text 198, 38 South. Rep. 64, text 67; Milligan v. Keyser, 52 Fla. 331, text 347, 42 South. Rep. 367, text 371; Royal Phos-

phate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916; Butler v. Ederheimer, 55 Fla. 544, 47 South. Rep. 23, text 25; Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351.

Both parties, as well as the court below, have treated the copy of the "judgment and order" of the commissioners imposing the penalty attached to and by reference made a part of the declaration as being properly a part thereof which can be reached by demurrer. This practice has been questioned by this court, but it has always followed the example of both parties and the trial court in likewise treating it. See Wilson v. Fridenberg, 22 Fla. 114, text 152; Sammis v. Wightman, 31 Fla. 10, text 31, 12 South. Rep. 526, text 532; First National Bank of Fla. v. Savannah, F. & W. Ry. Co., 36 Fla. 183, text 192, 18 South. Rep. 345, text 347; Martyn v. Arnold, 36 Fla. 446, text 449, 18 South. Rep. 791, text 792; Langley v. Owens, 52 Fla. 302, text 308, 42 South. Rep. 457, text 459; Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916. The demurrer, then, must be considered as being addressed to the entire declaration, of which such "judgment and order" of the commissioners, a copy of which is attached hereto, forms a part. As was held in Florida Cent. & P. Ry. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832: "Where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer." A like result must necessarily follow if the allegations or statements contained in the cause of action, which is made a part of the declaration by apt words, as was done in the instant case, are repugnant to and inconsistent with the allegations in the decla-

ration.    We call attention to the fact that, although the
demurrer contains forty-five grounds, such ground of
repugnancy and inconsistency is not embraced among
them, and no such point is made before us, therefore,
even if such ground existed, it might be deemed to have
been waived.    Florida Cent. & P. Ry. Co. v. Ashmore,
*supra;* Little v. Bradley, 43 Fla. 402, 31 South. Rep.
342; State *ex rel.* Kittel v. Trustees I. I. Fund, 47 Fla.
302, 35 South. Rep. 986; Moore v. Lanier, 52 Fla. 353,
42 South. Rep. 462; Jacksonville Electric Co. v. Schmet-
zer, 53 Fla. 370, 43 South. Rep. 85; Atlantic Coast Line
R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Royal
Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep.
516.    As a matter of fact, however, there is neither
repugnancy nor inconsistency between the allegations
in the declaration and the cause of action, as a compari-
son thereof will readily show, both being copied in the
statement preceding this opinion.    The declaration dis-
tinctly, clearly and positively alleges that the defendant
operates a railway from Abbott, Florida, to Jacksonville,
Florida, and refused to transport certain lumber which
was offered to it for transportation from Abbott to
Jacksonville, while the cause of action simply contains
allegations to the effect that the defendant refused to
transport certain lumber offered to it for transportation
from Abbott, Florida, the point of destination not being
designated therein.    Now we know of no rule or statute
requiring the cause of action attached to a declaration
to be full and complete within itself, independent of the
declaration.    Even if such a requirement exists, conced-
ing for the purposes of this case that this cause of action
is among those designated by the statute and rule, if the
defendant conceived that it was not sufficiently full, cer-
tain and complete to enable it to plead with greater cer-
tainty to the declaration, it should have moved the court

for a more definite cause of action or bill of particulars. By failing to take this step before pleading and by interposing a demurrer to the declaration the defendant must be deemed to have waived any such requirement, even if the same existed. See the reasoning along this line in the authorities already cited. Of course, in the instant case, as in other cases, the proof offered by the plaintiff must be confined to the bill of particulars or cause of action and it would not be permitted to introduce evidence which varied or contradicted the same. See authorities previously cited, especially Hooker v. Gallagher, Robinson v. Dibble; Columbia County v. Branch; Butler v. Ederheimer, supra. Also see West v. Fleming, 36 Fla. 298, 18 South. Rep. 587. However, all this relates to matters of proof—not of pleading. It may be well enough, however, to call attention to the fact that every judgment may be construed and aided by the entire record in the case, though it is more convenient as well as better in other respects that a judgment should be so complete within itself there would be no necessity for resorting to the record in the case in order to determine its validity, meaning and effect. See Taylor v. Branham, 35 Fla. 297, 17 South. Rep. 552, S. C. 48 Amer. St. Rep. 249, 39 L. R. A. 362; Elizabeth Cordage Co. v. Whitlock, 37 Fla. 190, 20 South. Rep. 255; Pearson v. Helvenston, 50 Fla. 590, 39 South. Rep. 695; Clay v. Hildebrand, 34 Kan. 694, 9 Pac. Rep. 466; National Foundry & Pipe Works v. Oconto Water Supply Co., 183 U. S. 216, text 234, 22 Sup. Ct. Rep. 111; United States ex rel. Coffman v. Norfolk & W. Ry. Co., 114 Fed. Rep. 682; 23 Cyc. 1102; 5 Ency. of Pl. & Pr. 1060; 1 Black on Judgments, § 117; 1 Freeman on Judgments, § 45. If this be true as applied to judgments and decrees generally, we know of no reason why it would not apply with full

force to the finding, order, judgment, quasi-judgment, or by whatsoever name it may be designated, of the commissioners imposing a penalty upon a railroad company for violation of one of the rules adopted by such commissioners. The case of Littlefield v. Fitchburg Railroad Co., 158 Mass. 1, 32 N. E. Rep. 859, seems to us to be very much in point. In that case the action was to recover penalties to the amount of $4,410 from the defendant railroad for failure to comply with an order of the railroad commissioners as to the shipment of milk. The declaration was demurred to, which demurrer was sustained by the trial court, and, on appeal, such judgment was affirmed. In that case, as in the instant case, it was contended by the defendant that the order made by the railroad commissioners was fatally defective upon various stated grounds, among others that it did not appear in the order to what point of destination the milk was to be transported. In an able opinion rendered by Mr. Justice KNOWLTON it was said that there was nothing in the record to "indicate that the defendant had notice of the petition, or an opportunity of being heard before the railroad commissioners. If it was notified, the failure of the order of the railroad commissioners to show it might be cured by an allegation in the declaration. Perhaps the full record of the railroad commissioners may show notice and a hearing of the defendant; but if it does, it is not before us. From what occurred at the argument, we may suppose that the defendant was before the commissioners; but on a demurrer we cannot go outside of the record before us. So far as it appears, the order was invalid for want of a notice to the defendant." The concluding paragraph of the opinion is as follows: "So far as we can judge from the record before us, the proceedings were not sufficiently regular and formal, and the

order was not sufficiently explicit to be made a foundation for a recovery of the penalties prescribed by the statute."

If the failure of the order in *that* case to show jurisdiction could have been cured by an allegation in the declaration, could not the failure of the order in *this* case to show the point of destination be cured by an allegation in the declaration? The answer is so obvious that no comment is necessary.

We would further call attention to the fact that a number of the grounds of the demurrer are directed solely against the attached copy of the cause of action. This will not do. As we have already seen, the only way the cause of action could become a part of the declaration at all was by apt words making it so, otherwise it could not be reached by demurrer at all. The declaration contains only one count, therefore the demurrer must be considered as directed against and applying to the declaration as an entirety, not to fragmentary portions of it, or to the attached copy of the cause of action alone. Muller v. Ocala Foundry and Machine Works, 49 Fla. 189, 38 South. Rep. 64; Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241; Griffing Brothers Company v. Winfield, 53 Fla. 589, 43 South. Rep. 687; Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761.

We have given the matter our most careful consideration and, after so doing, have reached the conclusion that the declaration is not so defective a pleading as to be open to the attack made on it by the demurrer.

In view of the extended discussion in the opinion in the case of the State of Florida v. Atlantic Coast Line Railroad Company, filed this day, and the conclusion therein announced, it becomes unnecessary for us to consider the question of the constitutionality of the Railroad

Commission Act further than to state that it has not been made to appear to us wherein such act is unconstitutional. We are also of the opinion for the reasons stated therein that the commissioners had the power and authority under such act to make at least that portion of Freight Rule 3 involved here, and that the same is not invalid or unreasonable.

It follows that the judgment must be reversed, and it is so ordered with directions to overrule the demurrer.

COCKRELL, HOCKER, WHITFIELD and PARKHILL, JJ., concur.

TAYLOR, J.,—(*Dissenting.*)—I am unable to agree to the conclusion reached in the opinion prepared by the Chief Justice in this case for the following reasons, briefly stated:

Our constitution clothes our railroad commission with judicial powers, and the statute under which this proceeding was initiated authorizes such commission in such judicial capacity to impose a fine when a case is properly presented to it of such misfeasance on the part of a railroad company as calls down upon it the imposition of a penalty. The same statute makes the fine thus imposed by the *judgment of the commission the basis of the civil suit* now under review, and if there is a recovery against the railway company in such civil suit the amount of such recovery is irrevocably limited to the amount of the fine *adjudged* and imposed by such commission. The law in effect gives to the defendant railway company the right to have the complaint against it investigated and adjudged by two tribunals—(1) the initial tribunal being the railroad commission; (2) the tribunal entering the authoritative and enforceable judgment in the case being

the Circuit Court. When the case comes before the Circuit Court it comes there, not like ordinary cases instituted for the first time before that tribunal for the enforcement of unliquidated, unadjudicated causes of action, but comes there like the *judgment of another tribunal* whose amount is already *fixed* and *adjudicated*. When it comes into the Circuit Court, and in such cases it cannot go there without having first undergone the adjudication of the first tribunal the railroad commission, it should show upon the face of the adjudication or judgment of the commission that such commission has had before it, investigated and adjudged, and imposed a fine in, a case that the law justifies and authorizes the imposition of such fine. The judgment or order of the railroad commission imposing a fine, and made the basis of the civil suit in the Circuit Court, should show fully and clearly upon its face that such fine was imposed for such an infraction of duty by the accused railway company as in law authorizes such fine, and it should fully and clearly show that such accused railway company, before such initial tribunal—the railroad commission—had been explicitly and fully apprised of, and given full opportunity to defend against, the complaint against it. The judgment or order of the commission involved in the present case shows upon its face simply and only that the defendant railway company had been *accused of, tried for, convicted of,* and fined by the commission for a refusal to transport freight over its lines generally from a shipping point thereon called Abbott without any mention or specification of any point of destination for such offered freight whether on or off its line. I do not think it will be seriously denied that if freight is offered to a railroad at any given point to be hauled indiscriminately up and down its line with no definite or expressed desti-

nation for its delivery, that such carrier would have the perfect right to refuse such freight, and that such refusal would not authorize the imposition of a fine; so if a carrier is offered freight for transportation to some destination entirely remote and separate from its line or any of its connecting lines, it would have the right to refuse the carriage of such freight and such refusal would be no infraction of any law justifying the imposition of a fine. As before stated the railway company has the right under the law to have the *full charge* against it, not part of it simply, *investigated by* and *adjudicated by* two tribunals, and both of these must investigate, try and adjudicate all of the same material facts making up the accusation of infraction of duty. According to the findings, order and judgment of the commission the defendant railway here was charged with, tried before it for, and convicted of, and fined for, a refusal to accept and transport freight offered to it at Abbott for transportation generally over its line without any mention of any point of destination to which such proffered freight was to be transported or delivered; and now when such *adjudication* of the commission is brought into the second tribunal—the Circuit Court—as the basis there of this civil action it is sought by averment in the declaration to add to the charge, *investigated* and *adjudicated* by the first tribunal the vitally material averment that the refusal of the carrier was to transport the proffered freight to Jacksonville as its destination of delivery thus trying and convicting it in the first tribunal upon a charge that involves no infraction of any law, and in the second tribunal—the Circuit Court— trying it upon a materially variant charge that if maintained is an infraction of law. According to my view in this class of cases the basis of the civil suit in the Circuit Court is for all practical purposes a judgment of

another co-ordinate tribunal—and in a suit upon any judgment of any court the judgment sued upon can be added to, substracted from or altered by averment in the declaration with as much propriety as the attempt here made to add to the adjudication by the commission by averment in the declaration of a vitally material issue that does not appear to have been investigated or adjudicated by such commission. I think that the ruling sustaining the demurrer to the declaration was proper and that the judgment of the court below should be affirmed.